Scott William JESSUP, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–98–00796–CR.

Court of Appeals of Texas, San Antonio.

Feb. 16, 2000.

Rehearing Overruled March 30, 2000.

M. Ariel Payan, Law Office of Ariel Payan, Austin, for Appellant.

Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

On September 23, 1998, this court granted Scott William Jessup an out-of-time appeal in Cause No. 87–CR–1651–B. Upon Further consideration, and for the reasons stated below, we now determine that this court does not have jurisdiction to consider the appeal.

### Jurisdiction

On July 14, 1998, the judgment of the United States District Court for the Western District of Texas, San Antonio Division, ordered that Scott William Jessup be granted an out-of-time appeal in Cause No. 87–CR–1651–B. The district court further ordered that it would grant Jessup's petition for writ of habeas corpus if the state court of appeals did not grant Jessup an out-of-time appeal. Although the district court's order was never received in the trial court or this court, Jessup personally delivered a copy of the district court's order to this court on September 10, 1998.

In an attempt to comply with the district court's order, this court ordered the trial court to conduct a hearing to determine whether Jessup desired to prosecute an appeal and whether Jessup required the appointment of appellate counsel. The trial court determined that Jessup wanted to pursue an out-of-time appeal and appointed an attorney to represent him. Both Jessup's appellate attorney and the State filed briefs in this court.

■■■ Despite this course of events, an appeal was never perfected in this cause. The district court's order stated that "Jessup's time for filing his appeal shall run from the date of this Order's entry." The order was signed on July 14, 1998. The Texas Rules of Appellate Procedure require an appellant to perfect an appeal by filing a notice of appeal within 30 days after the day sentence is imposed or suspended in open court. Tex.R.App. P. 25.2(a), 26.2(a). Because the granting of an out-of-time appeal returns the appellant to a point that the appellant can begin the appellate process, see *Moreno v. State*, 954 S.W.2d 97, 98 (Tex.App.—San Antonio 1997, no pet.), Jessup's notice had to be filed on August 13, 1998—30 days after July 14, 1998, in order to perfect an appeal. But no notice of appeal was ever filed in this cause. As a result, we have no jurisdiction to consider Jessup's appeal. See *Charles v. State*, 809 S.W.2d 574, 576 (Tex.App.-San Antonio 1991, no pet.) (court of appeals jurisdiction is invoked by a timely, written notice of appeal). Even if we were to construe Jessup's delivery of the district court's order to this court as a notice of appeal, the notice was not timely and thus, could not perfect an appeal. See *Jones v. State*, 900 S.W.2d 421, 422 (Tex. App.-Texarkana 1995, no pet.) Because this court's jurisdiction was never invoked,

we dismiss the appeal for lack of jurisdiction.