

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 2-97-197-CR

SCOTT LESLIE CARMELL                                                        APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

### Introduction

In this out-of-time appeal, Scott Leslie Carmell brings four issues: (1) the United States Supreme Court's holding in *Carmell v. Texas*, 529 U.S. 513, 120 S. Ct. 1620 (2000), requires entry of a judgment of acquittal on four of the counts for which he was originally convicted (counts seven through ten); (2) the trial court's failure to instruct the jury that it could consider the elapsed time between the offenses in counts seven through ten and the victim's outcry only for the purpose

of assessing the weight to be given the victim's testimony requires reversal; (3) this court's prior ruling that the victim's testimony that appellant contacted her "genital area" and "pubic hair" was sufficient to support a conviction conflicts with opinions of the Texas Court of Criminal Appeals defining "genitals" under the Texas Penal Code; and (4) Texas Penal Code section 22.021 is void for vagueness as applied to appellant in violation of his due process and equal protection rights under the United States and Texas Constitutions.  We affirm.

**Procedural Background**

A jury convicted appellant of fifteen counts of sexual offenses committed against his stepdaughter, K.M.  He appealed to this court, arguing, among other things, that the evidence supporting counts seven through ten—one count of sexual assault and three counts of indecency with a child by contact—was legally insufficient. *See Carmell v. State*, 963 S.W.2d 833, 835–36 (Tex. App.— Fort Worth 1998, pet. ref'd) (*Carmell I*), *rev'd*, 529 U.S. 513, 120 S. Ct. 1620 (2000) (*Carmell II*).  His argument was based on article 38.07 of the code of criminal procedure, which, prior to a 1993 amendment, allowed convictions for indecency with a child and sexual assault to be supported by "the uncorroborated testimony of the victim of the sexual offense [only] if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred."  *See* Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090–91 (current version at Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005) (omitting outcry

2

requirement for child between fourteen and seventeen)). The former statute further provided that "[t]he requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense." *Id.*[1]

Appellant argued that under this statute the evidence supporting counts seven through ten was legally insufficient because it consisted solely of the uncorroborated testimony of K.M., who had failed to make a timely outcry and who was fourteen and older at the time the offenses were alleged to have occurred. Because K.M. waited more than a year to tell a third-party adult what had happened, her outcry was not timely under the pre-amended version of article 38.07. *See id.* We held that the amended version of article 38.07, which provides that the outcry requirement is not applicable to an offense against a child younger than eighteen, applied to the convictions in counts seven through ten. *Carmell I*, 963 S.W.2d at 836 & n.5. Thus, we rejected appellant's insufficiency-of-the-evidence claims and affirmed his convictions for counts seven through ten. *Id*. at 836 & n.5, 838. The court of criminal appeals refused his petition for discretionary review.

---

[1]K.M. was not yet fourteen when the offenses alleged in counts one through six of the indictment occurred; thus, those convictions were supportable based solely on her uncorroborated testimony. *See* Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090–91. Likewise, the dates of the offenses charged in counts eleven through fifteen were after the effective date of the amendment to article 38.07, so it did not operate to make any uncorroborated testimony as to those offenses insufficient. *See* Tex. Code Crim. Proc. Ann. art. 38.07.

However, the United States Supreme Court granted appellant's petition for writ of certiorari and reversed our judgment. *See Carmell II*, 529 U.S. at 553, 120 S. Ct. at 1643. The Court compared the 1993 amended version of article 38.07, which we had applied, with the earlier version and concluded that the amended version changed the quantum of evidence necessary to sustain a conviction. *Id*. at 517–18, 120 S. Ct. at 1625. Thus, because appellant committed the offenses charged in counts seven through ten before the effective date of the 1993 amendment and K.M. was over fourteen years of age at the time of the offenses, the Court held that appellant's convictions on those four counts, "insofar as they are not corroborated by other evidence," violated the constitutional prohibition on ex post facto laws and could not stand. *Id*. at 552, 120 S. Ct. at 1643. The Court remanded for further proceedings not inconsistent with its opinion. *Id*. at 553, 120 S. Ct. at 1643.

We recalled our mandate, and appellant requested appointment of counsel on remand. The trial court appointed Tom Whitlock to represent appellant, but after receiving correspondence from appellant, Whitlock determined that he would not be able to provide him satisfactory representation. Having never requested to file a supplemental brief,[2] Whitlock filed a motion for leave to withdraw in the trial court; the trial court granted the motion and substituted Jack

---

[2]The State, on the other hand, did file a supplemental brief on remand, asserting that K.M.'s testimony at trial was sufficiently corroborated by other evidence.

4

McKeathen as appellant's counsel on July 24, 2000. About three weeks later, on August 17, 2000, we issued our opinion on remand. *Carmell v. State*, 26 S.W.3d 726 (Tex. App.—Fort Worth 2000, pet. ref'd) (op. on remand) (*Carmell III*), *cert. denied*, 534 U.S. 957 (2001).[3] After a de novo review of the trial record, applying the pre-amended version of the statute, we concluded that K.M.'s testimony about counts seven through ten was sufficiently corroborated and affirmed the judgment. *Id*. at 728. The next day, appellant's new attorney, McKeathen, sought leave to file a supplemental brief and requested that we delay the release of our opinion. In his motion, McKeathen explained that he was not informed of his appointment as appellant's attorney until July 28, 2000, and he certified that

---

[3]Our opinion on remand recounted, among other details, that K.M. testified at trial that appellant's erect penis touched her genital area, that appellant had kissed her breasts, that appellant brought a condom and a vibrator upstairs and he had her rub his penis until he ejaculated, and that on another occasion, he brought a vibrator upstairs and touched her genital area with it. We noted the following corroborating evidence:

- K.M. and appellant had "date nights," as he called them, when they would go out to dinner, watch a movie, and sleep together in K.M.'s bed, and appellant's wife Eleanor found him sleeping nude with K.M. after one of the dates;
- Eleanor told the jury that appellant believed family nudity was a way to achieve unity and said that appellant tried to have sex with her while K.M. was in bed with them and that she had witnessed appellant kissing K.M. on the lips in a romantic manner;
- Appellant seemed overly concerned with K.M.'s menstrual cycle and remarked several times that K.M. was "late." He started taking baths with K.M.; and
- Eleanor claimed that after he was arrested, appellant admitted to her that he had committed adultery with K.M.

*Carmell III*, 26 S.W.3d at 728.

the State had no objection to the motion. We denied McKeathen's request as moot.

McKeathen moved for rehearing, to have our opinion withdrawn, and for leave to file a supplemental brief. We denied the motions. Thus, no brief was ever filed by, or on behalf of, appellant during the proceedings on remand. The court of criminal appeals again refused appellant's petition for discretionary review, and the United States Supreme Court denied his petition for writ of certiorari.

Appellant sought but was denied state habeas relief in fifteen separate applications (one for each of his convictions), arguing that he was denied effective assistance of counsel during the appellate proceedings on remand from the Supreme Court and that his constitutional rights were infringed by our decision to affirm his convictions again on remand. *Carmell v. Quarterman*, 292 Fed. Appx. 317, 322 (5th Cir. 2008) (*Carmell IV*), *cert. denied*, 129 S. Ct. 2831 (2009). Having exhausted his state court remedies, appellant timely filed a habeas petition in federal district court on the same grounds. *Id*. The district court denied his applications, but the Fifth Circuit Court of Appeals reversed the district court's denial as to the ineffective assistance of counsel claim. *Id*. at 322, 330. On remand to the federal district court, that court issued an order stating that it would grant appellant habeas relief on counts seven through ten unless this court afforded appellant an out-of-time appeal within one hundred twenty days from the date of the order. Appellant then timely filed a notice of appeal,

6

and the trial court appointed new counsel, John Knowles, to assist appellant with this out-of-time appeal.[3]

**Acquittal Not Required for Counts Seven Through Ten**

In his first issue, appellant contends that the Supreme Court's opinion in *Carmell II* required us to render a judgment of acquittal on counts seven through ten rather than review whether K.M.'s testimony was sufficiently corroborated. Included in his argument are the contentions that the State waived corroboration as an alternative means of affirming the trial court's judgment by failing to raise it until remand and that the victim's testimony could only properly be corroborated by eyewitness testimony.

The Fifth Circuit Court of Appeals has already addressed this very issue: as it noted in its opinion holding that this court should have afforded appellant an appeal with counsel, in *Carmell II* the Supreme Court explained in a footnote that

> [t]he State argues that there is evidence corroborating the victim's testimony, so it does not help petitioner even if the old law applies. Before the state court, however, petitioner argued that "there was nothing to corroborate [the victim's] version of events," . . . and that court accepted the contention as correct for the purposes of its decision. We do the same here.

*Carmell IV*, 292 Fed. Appx. at 324 (quoting *Carmell II*, 529 U.S. at 519 n.4, 120 S. Ct. at 1625 n4 (citations omitted)) (emphasis omitted). As the Fifth Circuit explained, "The most plausible reading of this passage is that the Court only

---

[3]Because no member of this court's prior panel remains on this court, a new panel has been assigned to hear this matter. Justice Lee Gabriel is recused.

*assumed* a lack of corroborating evidence, arguendo, in order to reach the ex post facto question. Such assumptions are not part of the mandate and, as such, do not constrain the lower court on remand." *Carmell IV*, 292 Fed. Appx. at 324 (emphasis added). Moreover, the Court's ultimate holding acknowledges that corroboration could be raised in the future: "[W]e hold that petitioner's convictions on counts 7 through 10, *insofar as they are not corroborated by other evidence*, cannot be sustained under the Ex Post Facto Clause." *Carmell II*, 529 U.S. at 552, 120 S. Ct. at 1643 (emphasis added); *see also id.* at 555 n.2, 120 S. Ct. at 1644 (Ginsburg, J., dissenting) (declining, "like the Court," to address whether K.M.'s testimony was corroborated because that "question is outside the grant of certiorari"); *Carmell IV*, 292 Fed. Appx. at 325 (describing the Court's holding as "open-ended"). Finally, the Court reversed the "judgment" of this court and "remanded for further proceedings not inconsistent with" its opinion; it did not order an acquittal on counts seven through ten. *Carmell II*, 529 U.S. at 553, 120 S. Ct. at 1643. Thus, based on the above, the Fifth Circuit held that "[t]aken as a whole, it is clear that the Supreme Court in fact neither considered nor decided (even implicitly) the issue of corroboration." *Carmell IV*, 292 Fed. Appx. at 325.

We agree with and adopt the Fifth Circuit's reasoning. In *Carmell II*, the Court merely addressed the precise issue before it: whether the application of the amended version of article 38.07 to offenses that occurred before its effective date violated the Ex Post Facto Clause of the United States Constitution. 529 U.S. at 516, 120 S. Ct. at 1624. The Court did not foreclose this court from

8

reviewing whether the convictions in counts seven through ten could be affirmed for a different reason. We next address the remaining subissues in appellant's first issue.

**No Waiver of Corroboration as Alternative Means of Affirming Judgment**

Appellant contends that the State waived corroboration as an alternative theory on which to affirm the conviction in counts seven through ten because it failed to raise it as an argument supporting the conviction in its very first appellee's brief. Because the State prevailed at trial, it was not required to raise any allegations in this court as an appellee. *See Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007); *Lewis v. State*, 664 S.W.2d 345, 347 (Tex. Crim. App. 1984); *cf. Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988) (holding that in civil case prevailing party at trial is not required to raise alternate grounds of recovery until judgment is reversed). Moreover, appellant raised the issue that K.M.'s testimony was not corroborated in his very first brief in *Carmell I*; we simply did not address it because we affirmed on the ground that the amended version of article 38.07 applied to counts seven through ten. Accordingly, we conclude and hold that the State did not waive its assertion that the convictions in counts seven through ten were properly corroborated by raising it for the first time in this court on remand. *See Volosen*, 227 S.W.3d at 80; *Lewis*, 664 S.W.2d at 347.

9

**Eyewitness Testimony Not Necessary to Corroborate K.M.'s Testimony**

Appellant further contends that the only type of corroborating evidence that is sufficient under the former version of rule 38.07 is eyewitness testimony. He bases this argument on the following excerpt from a Houston Fourteenth District Court of Appeals case:

> In the present case, the State produced no eyewitness other than the five-year-old complainant. We believe art. 38.07 speaks to cases such as this one before us wherein the State seeks a conviction in the *absence* of any eyewitness to the offense other than the young victim. "The lack of any other eyewitness" is what is meant in art. 38.07 by "uncorroborated testimony." Therefore, art. 38.07 applies and authorizes testimony of the child's outcry.

*Heckathorne v. State*, 697 S.W.2d 8, 12 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd).

The context of the court's holding in *Heckathorne* was that the hearsay outcry statements in that case were admissible because there was no eyewitness to the offense. *Id*. at 12. The appellant in *Heckathorne* did not complain that there was insufficient corroboration of the child victim's testimony; instead, he complained that the testimony of the child's uncle, mother, and grandfather regarding his outcry was not admissible because the State did not seek conviction based only on the child victim's uncorroborated testimony. *Id*. The appellant cited *Brown v. State*, 649 S.W.2d 160, 162 (Tex. App.—Austin 1983, no pet.), and *Wilmeth v. State*, 629 S.W.2d 218, 219 (Tex. App.—Dallas 1982, pet. ref'd), in which the courts held that hearsay outcry statements were not admissible under article 38.07 when the State introduced evidence

10

corroborating the child victim's testimony. In those cases, the corroborating evidence was eyewitness testimony. *Brown*, 649 S.W.2d at 162; *Wilmeth*, 629 S.W.2d at 219. But in *Heckathorne*, there was no eyewitness testimony, nor did the court discuss any corroborating testimony other than the statements the child victim made to the uncle, mother, and grandfather. *Heckathorne*, 697 S.W.2d at 12. Thus, the court's holding about "eyewitness testimony" is in the context of deciding the admissibility of the outcry statements and was in direct response to the appellant's argument about the particular type of corroborating evidence in the two cases he cited and relied upon. *See id*. at 12. We agree with the Corpus Christi Court of Appeals that *Heckathorne* does not—or if it meant to, should not—stand for the proposition that the only way a victim's testimony about a sexual offense could be corroborated in the absence of a timely outcry is by an eyewitness to the offense itself. *Zule v. State*, 802 S.W.2d 28, 33 (Tex. App.—Corpus Christi 1990, pet. ref'd); *see also Martinez v. State*, 178 S.W.3d 806, 813 (Tex. Crim. App. 2005) ("Article 38.07 requires the State to offer some corroborative evidence, such as eyewitness testimony, a defendant's admissions, medical testimony, or other circumstantial proof, if the competent adult complainant in a sexual assault prosecution has not informed any adult . . . of the alleged offense within a year of its commission." (footnotes omitted) (noting that in 1980 court of criminal appeals adopted same standard of corroboration for rape testimony as for accomplice-witness testimony)).

11

As the court of criminal appeals held before *Heckathorne*, corroborating evidence for purposes of article 38.07 is only that evidence tending to connect the accused with the offense charged. *Nemecek v. State*, 621 S.W.2d 404, 406 (Tex. Crim. App. 1980), *overruled in part on other grounds by Hernandez v. State*, 651 S.W.2d 746 (Tex. Crim. App. 1983); *cf. Scoggan v. State*, 799 S.W.2d 679, 681 n.5 (Tex. Crim. App. 1990) (citing *Nemechek* and concluding that although there was corroborating evidence of a "romantic relationship," it was not sufficient to connect Scoggan to the offense as charged). Accordingly, we conclude and hold that eyewitness testimony to the offenses comprising counts seven through ten was not necessary in this case. *See Nemechek*, 621 S.W.2d at 406; *Hindman v. State*, 152 Tex. Crim. 75, 211 S.W.2d 182, 185–89 (1948). Moreover, we reaffirm the reasoning and analysis in this court's opinion in *Carmell III* holding that there was sufficient corroborating evidence to support appellant's convictions for counts seven through ten. *See* 26 S.W.3d at 728. We overrule appellant's first issue.

**This Court Has Jurisdiction to Consider Appellant's Remaining Issues**

Appellant raises three additional issues, some of which relate to counts seven through ten and others of which relate to other counts. Although he raised the third issue in *Carmell I*, he did not raise the second or fourth. The State contends that the federal court's order stating that it would grant habeas relief on counts seven through ten if this court did not provide appellant with an out-of-time appeal limited our consideration of issues to those related only to counts

12

seven through ten.  However, the federal district court's order did not limit the appeal to matters involving those counts only, nor did it limit what this court could consider in the appeal.  Likewise, this court's order reinstating the case did not limit the issues we would consider on appeal.

The purpose of an out-of-time appeal in such circumstances is for the federal court to allow the state court the opportunity to correct, if possible, the federal constitutional error that the federal court has determined occurred.  *Smith v. Lucas*, 9 F.3d 359, 367 (5th Cir. 1993), *cert. denied*, 511 U.S. 1042 (1994). The federal court may not order the state court to make certain remedies available or to conduct a certain type of hearing.  *Id*.  Upon such a conditional release order, the state, pursuant to available state procedures, may take whatever action it deems necessary.  *Billiot v. Puckett*, 135 F.3d 311, 316 n.5 (5th Cir.), *cert. denied*, 525 U.S. 966 (1998).  The granting of an out-of-time appeal returns the appellant to the point at which he can begin the appellate process; thus, to be entitled to an out-of-time appeal ordered by a higher court, an appellant must file a new notice of appeal.  *See Ex parte Daigle*, 848 S.W.2d 691, 692 (Tex. Crim. App. 1993); *Jessup v. State*, 18 S.W.3d 723, 724 (Tex. App.—San Antonio 2000, no pet.).

"Once jurisdiction of an appellate court is invoked,[4] exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute." *Carroll v. State*, 101 S.W.3d 454, 456 (Tex. Crim. App. 2003); *Garrett v. State*, 749 S.W.2d 784, 786 (Tex. Crim. App. 1986), *overruled in part on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997). Thus, when a court of appeals reverses a judgment without ruling on all grounds raised on appeal, and the court of criminal appeals reverses and remands to the court of appeals, the court of appeals is not limited on remand to considering only the issue the court of criminal appeals reviewed and reversed; the court of appeals on remand may even review unassigned error that was preserved in the trial court and reverse on that basis. *Garrett*, 749 S.W.2d at 786–87; *see also Carroll*, 101 S.W.3d at 457 (holding that court of appeals may reanalyze point or issue on remand on grounds not required or foreclosed by remand order). The court of appeals's jurisdiction is restored when the court of criminal appeals's mandate becomes final. *Garrett,* 749 S.W.2d at 787. Likewise, here, this court's jurisdiction was invoked once appellant filed his notice of appeal within the time specified by the federal court in its order. *Cf. Jessup*, 18 S.W.3d at 724–25 (dismissing out-of-time appeal after federal conditional release order because Jessup never filed notice of appeal within time prescribed by federal court). At that point, the case was restored to the same status it had when appellant filed

---

[4]An appellate court's jurisdiction is invoked by the timely filing of a notice of appeal. *Slaton v. State*, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see* Tex. R. App. P. 25.2(b).

14

the initial appeal.[5]  *Theus v. State*, 863 S.W.2d 489, 490–91 (Tex. Crim. App. 1993); *Ex parte Lopez*, 763 S.W.2d 427, 428–30 (Tex. Crim. App. 1989); *see also Abbott v. State*, 278 S.W.3d 929, 930–32 (Tex. App.—Waco 2009, no pet.) (Gray, C.J., concurring in actions of clerk of that court in sending parties letter inquiring about additional briefing and jurisdiction and explaining status of case and proper procedure in court of appeals on remand from court of criminal appeals).  Thus, we conclude and hold that we have jurisdiction to review the remaining issues raised in appellant's brief in this out-of-time appeal.[6]

**Article 38.07 Jury Instruction Not Required for Counts Seven Through Ten**

In his second issue, appellant argues that his convictions in counts seven through ten should be reversed because of the trial court's failure to instruct the

---

[5]Accordingly, the law of the case doctrine does not apply to bar our consideration of the remaining issues.  This situation is akin to a remand from the court of criminal appeals; in such a situation, the law of the case doctrine does not apply to the court of appeals's review of the remanded issue because the appeal is "the same appeal in the same court that made the initial determination[,] . . . and thus there is not yet any final 'law of the case' upon which to rely."  *Carroll*, 101 S.W.3d at 460 n.35.

[6]Our holding should not be read to impose a requirement on appellate courts to address such issues in all similar out-of-time appeals.  *See, e.g.*, *State v. Gobert*, 275 S.W.3d 888, 891 (Tex. Crim. App. 2009) ("The court of appeals is not required to entertain a new argument from an appellant . . . for the first time on rehearing, and when it refuses to exercise its discretion to do so, it renders no decision on that new argument that is available for discretionary review.").  Rather, the court of criminal appeals has held that appellate courts do not err in addressing such issues.  *See Garrett*, 749 S.W.2d at 786–87.  Here, because we are affording appellant an appeal on remand with the assistance of counsel to remedy the fact that his previous appeal on remand was without effective assistance of counsel, we address the additional, preserved issues counsel raised in the interest of justice.

jury that the time elapsed between the offenses in counts seven through ten and the time of K.M.'s outcry could be considered by the jury only for the purpose of assessing the weight to be given her testimony in accordance with article 38.07. The version of article 38.07 in effect at the time of trial provided that "[t]he court shall instruct the jury that the time which elapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim." *See* Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws 2090–91.

Under the former version of article 38.07, the convictions for counts seven through ten could be sustained only if K.M.'s testimony were sufficiently corroborated *or* if she made a timely outcry. *Reed v. State*, 991 S.W.2d 354, 361–62 (Tex. App.—Corpus Christi 1999, pet. ref'd). Here, it was undisputed that there was no timely outcry for the offenses in counts seven through ten. But, as we determined on appellant's original appeal on remand, and further affirm in this opinion, K.M.'s testimony on counts seven through ten was corroborated by other evidence, including appellant's own admission that he committed adultery with her. Because K.M.'s testimony in this case was corroborated by other evidence, the instruction contained in article 38.07—relating to the outcry—was not necessary, and even if it had been, any error would be harmless. *Golden v. State*, 762 S.W.2d 630, 632 (Tex. App.—Texarkana 1988, pet. ref'd); *Wilmeth*, 629 S.W.2d at 219–20. Accordingly, the trial court did not reversibly err by giving

16

a charge that did not include such an instruction. *Golden*, 762 S.W.2d at 632; *Wilmeth*, 629 S.W.2d at 219–20. We overrule appellant's second issue.

### "Genital Area," "Pubic Hair" Within Penal Code Definition of "Genitals"

In his third issue, appellant contends that this court's holding in *Carmell I*—that K.M.'s testimony concerning appellant's contacting her "genital area" and "pubic hair" was sufficient to meet the definition of "genitals" under the applicable statutes—conflicts with court of criminal appeals opinions defining that term. According to appellant, courts have allowed such broad testimony only when young children were testifying, and here the victim was over eighteen when she testified.

Appellant challenges K.M.'s testimony on counts one and three; count one was an indecency by contact count, and count three was an aggravated sexual assault count. For count one, the State had to prove that appellant engaged in sexual contact with K.M. by touching her "genitals" with the intent to arouse or gratify his sexual desire. *See* Act of May 4, 1979, 66th Leg., R.S., ch. 168, § 1, 1979 Tex. Gen. Laws 373, 373 (current version at Tex. Penal Code Ann. § 21.01 (Vernon Supp. 2010)); Act of May 12, 1981, 67th Leg., R.S., ch. 202, § 3, 1981 Tex. Gen. Laws 471, 472 (current version at Tex. Penal Code Ann. § 21.11 (Vernon Supp. 2010)). For count three, the State had to prove that appellant intentionally or knowingly caused K.M.'s "sexual organ" to contact his sexual organ when K.M. was under fourteen. *See* Act of July 18, 1987, 70th Leg., 2nd

C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80, 80 (current version at Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2010)).

Referring specifically to count one as alleged, the prosecutor asked K.M. if appellant touched her genitals, and she said, "Yes." When the prosecutor asked how, she said, "Well, just on the pubic hair." When asked about the allegation in count three, K.M. testified that appellant's penis touched her "genital area." But, immediately thereafter, she responded affirmatively when the prosecutor asked whether appellant's penis was "up against [her] genital."

The court of criminal appeals, in a pre-*Carmell I* opinion addressing section 21.11, the indecency statute, held that the term "genitals" in that statute "includes more than just the vagina . . . ; [it] *includes* the vulva which immediately surrounds the vagina." *Clark v. State*, 558 S.W.2d 887, 888–89 (Tex. Crim. App. 1977) (emphasis added). As we previously held in *Carmell I*, K.M.'s testimony that appellant touched her "pubic hair" and contacted her "genital area" with his penis is sufficient to show that he touched and contacted her "genitals" for purposes of both statutes.[7] 963 S.W.2d at 837. We reaffirm those holdings and overrule appellant's third issue.

**Appellant Failed to Preserve Constitutionality of Penal Code § 22.021**

In his fourth issue, appellant contends that section 22.021 of the penal code is void for vagueness as applied to him in violation of his rights to due

---

[7]Moreover, in both instances, K.M. responded affirmatively to the prosecutor's use of the terms "genitals" or "genital."

18

process and equal protection under the United States and Texas Constitutions. Appellant did not raise this issue at trial; thus, he has not preserved it for our review. *See Mays v. State*, No. AP-75,924, 2010 WL 1687779, at *11 (Tex. Crim. App. Apr. 28, 2010); *Sony v. State*, 307 S.W.3d 348, 352 (Tex. App.—San Antonio 2009, no pet.); *see also Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that appellant may not raise facial challenge to constitutionality of statute for first time on appeal). We overrule appellant's fourth issue.

## Conclusion

Having overruled all four of appellant's issues in this out-of-time appeal, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

PUBLISH

DELIVERED:  September 30, 2010