IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-31,863-17






EX PARTE SCOTT LESLIE CARMELL, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. F-96-1227-E IN THE 367TH DISTRICT COURT

FROM DENTON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of eight counts of
indecency with a child, five counts of sexual assault, and two counts of aggravated sexual assault.
He was sentenced to twenty years' confinement on all charges except for the aggravated sexual
assaults, for which he received life sentences. 

 Applicant's convictions and sentences were initially upheld on appeal. Carmell v. State, 963
S.W.2d 833 (Tex. App.--Fort Worth 1998). The Supreme Court reversed three of the counts on ex
post facto grounds and remanded for further proceedings in light of their opinion. Carmell v. Texas,
529 U.S. 513 (2000). On remand from the Supreme Court, the Fort Worth Court of Appeals
affirmed. Carmell v. State, 26 S.W.3d 726 (Tex. App.--Fort Worth 2000). Applicant then
challenged his convictions with 11.07 writ applications that were denied by this Court. Ex parte
Carmell, Nos. WR-31,863-02-16 (Tex. Crim. App. Nov. 13, 2002) (unpublished). On federal habeas
review, the U.S. Court of Appeals for the Fifth Circuit granted Applicant an out-of-time appeal based
on ineffective assistance of appellate counsel after remand from the Supreme Court. Carmell v.
Quarterman, 292 F. App'x. 317 (5th Cir. 2008). In an out-of-time appeal, the Second Court again
affirmed applicant's conviction, entertaining three additional issues, two of which had not been
previously litigated. Carmell v. State, 331 S.W.3d 450 (Tex. App.--Fort Worth 2010).

 Based on this Court's independent review of the record, Applicant's supplemental claims
alleging ineffective assistance of appellate counsel after remand from the Supreme Court are denied.
Applicant's remaining grounds are dismissed as subsequent. Tex. Code Crim. Proc. art. 11.07 §
4. Accordingly, the application is denied in part and dismissed in part.


Filed: September 25, 2013

Do not publish