PD-0694-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/5/2015 9:34:32 AM
Accepted 6/8/2015 3:15:57 PM
ABEL ACOSTA
CLERK

# PD-0694-15

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

**CHARLES BLACKSHIRE**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition is in Cause No.1270086D from the 396th
Criminal Court of Tarrant County, Texas,
and Cause No. 02-12-00364-CR in the
Court of Appeals for the Second District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

FILED IN
COURT OF CRIMINAL APPEALS

June 8, 2015

ABEL ACOSTA, CLERK

Kimberley Campbell
TBN: 03712020
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Charles Blackshire

## IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to the trial court's final judgment, and the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Court Judge: | Hon. George Gallagher, 396th Criminal Court, Tarrant County |
| Petitioner: | Charles Blackshire |
| Petitioner's Trial Counsel: | Hon. John Beatty<br>TBN: 01992400<br>Attorney at Law<br>912 West Belknap<br>Fort Worth, Texas 76102 |
| Petitioner's Counsel on Appeal: | Hon. Kimberley Campbell<br>TBN: 03712020<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Hon. William Vassar<br>TBN: 24039224<br>District Attorney's Office<br>401 W. Belknap<br>Fort Worth, Texas 76196 |
| Appellee's Counsel on Appeal: | Hon. Charles Mallin<br>TBN: 12867400<br>Hon. Andy Porter<br>TBN: 24007857<br>District Attorney's Office<br>401 W. Belknap Street<br>Fort Worth, Texas 76196 |

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . .2

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

I.  The Court of Appeals erred when it failed to address all of
    Appellant's complaints on remand. . . . . . . . . . . . . . . . . . . . . .3

    A.   *Facts*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

    B.   *Blackshire I*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

    C.   *Blackshire II*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

    D.   *Blackshire III*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

    E.   *Controlling Law*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . .8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

# INDEX OF AUTHORITIES

*Cases*                                                                *page*

*Adkins v. State*,
    764 S.W.2d 782 (Tex. Crim. App. 1988). . . . . . . . . . . . . . . . . . . . .7

*Blackshire v. State*,
    No. 02-12-00364-CR, 2013 WL 4679211 (Tex. App.–
        Fort Worth, August 29, 2013, pet. granted)
            (mem. op., not designated for publication)
                (*Blackshire I*). . . . . . . . . . . . . . . . . . . . . . . . 1, 4

*Blackshire v. State*,
    02-12-00364-CR, 2014 WL 1512961 (Tex. Crim. App. 2014)
            (per curium) (not designated for publication)
                (*Blackshire II*). . . . . . . . . . . . . . . . . . . . . . . . .1-2, 4, 5

*Blackshire v. State*, 02-12-00364-CR,2015 WL 3422498 (Tex. App.–
    Fort Worth, May 28, 2015, no. pet. h.)
            (mem. op., not designated for publication)
                (*Blackshire III*). . . . . . . . . . . . . . . . . . . . . . . . .2, 5, 6

*Carmell v. State*,
    331 S.W.3d 450 (Tex. App. 2010). . . . . . . . . . . . . . . . . . . . . . . . .6

*Garrett v. State*,
    749 S.W.2d 784 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . .6

*Keehn v. State*,
    233 S.W.3d 348 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . .7

*Malik v. State*,
    953 S.W.2d 234 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . .6

*Williams v. State*,
    145 S.W.3d 737 (Tex. App.–Fort Worth 2004, no pet.). . . . . . . . .6

***Court Rules***

Tex. R. App. P. 47.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On June 11, 2012, Blackshire was placed on deferred adjudication for the felony offense of unlawful possession of a firearm by a felon. (C.R. 27). On July 20, 2012 the State filed its Petition to Proceed to Adjudication alleging three different violations of community supervision conditions as grounds. (C.R. 35). Blackshire entered an open plea of "true" to two of the grounds. (C.R. 43-45). The trial court found the two grounds to be true, and sentenced Blackshire to six (6) years incarceration in the Texas Department of Criminal Justice–Institutional Division. (C.R. 47). Blackshire timely appealed, and this Court partially sustained his complaints. *See Blackshire v. State*, No. 02-12-00364-CR, 2013 WL 4679211 (Tex. App.–Fort Worth, August 29, 2013, pet. granted) (mem. op., not designated for publication) (*Blackshire I*), *vacated* at PD-1368, 2014 WL 1512961 (Tex. Crim. App. April 16, 2014) (per curium) (not designated for publication). The Court of Criminal Appeals vacated the opinion and remanded. *Blackshire v.*

1

*State*, 2014 WL 1512961 at *1 (Tex. Crim. App. 2014) (per curium) (not designated for publication) (*Blackshire II*).

## STATEMENT OF PROCEDURAL HISTORY

The opinion of the Second Court of Appeals on remand affirming Mr. Blackshire's judgment was handed down on May 28, 2015. *See Blackshire v. State*, 02-12-00364-CR,2015 WL 3422498 (Tex. App.–Fort Worth, May 28, 2015, no. pet. h.) (mem. op., not designated for publication) (*Blackshire III*). This timely Petition for Discretionary review ensued.

## GROUNDS FOR REVIEW

## GROUND FOR REVIEW ONE

I.      **The Court of Appeals erred when it failed to address all of Appellant's complaints on remand.**

## REASONS FOR REVIEW

1.      The Second Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

2

## ARGUMENT

### GROUND FOR REVIEW ONE (Restated)

I.   **The Court of Appeals erred when it failed to address all of Appellant's complaints on remand.**

A.   *Facts*

On June 11, 2012, Charles Blackshire ("Blackshire" or "Appellant") was placed on deferred adjudication for the felony offense of unlawful possession of a firearm by a felon. (C.R. 27). In the Order of Deferred Adjudication from that proceeding, the trial court assessed $284 in court costs, and $900 in attorney fees.[1] (C.R. 27-28). On July 20, 2012 the State filed its Petition to Proceed to Adjudication alleging three different violations of community supervision conditions as grounds. (C.R. 35). Blackshire entered an open plea of "true" to two of the grounds. (C.R. 43-45). The trial court found those two grounds to be true, and sentenced Blackshire to six (6) years incarceration in the Texas Department of Criminal Justice–Correctional Institutions Division. (C.R. 47). In the Judgment Adjudicating Guilt, the trial court assessed a total of $309 in court costs; reparations in the amount of

---

[1] Blackshire had been found to be indigent by the trial court, which subsequently appointed counsel. (C.R. 16, 17).

3

$1592; and assessed attorney fees in the amount of $1,400 as a condition of parole.[2] (C.R. 47-48). The record contains no evidence that the court had determined Blackshire was no longer indigent. (C.R. *passim*).

### B. *Blackshire I*

On appeal, Blackshire challenged the reparations and court costs entered in the judgment of conviction. The detail of appeals modified and affirmed the judgment entered in the trial court. *See Blackshire*, 2013 WL 4679211 at *2. (*Blackshire I*).

### C. *Blackshire II*

In response to the opinion of the court of appeals, Blackshire filed a timely Petition for Discretionary Review to this Court, which summarily vacated the opinion of the Second Court of Appeals without further briefing. *Blackshire*, 2014 WL 1512961 at *1. (*Blackshire II*). In pertinent part, this Court's per curium opinion pointed out that:

> On appeal, [Blackshire] argued, among other things, that the evidence was insufficient to support the $72 court cost fee to "CSCD." The Court of Appeals disagreed, finding the evidence sufficient. . .Appellant has filed a petition for discretionary review of this decision. . .The Court of Appeals in the instant case did not have the benefit of our opinions in *Johnson* and *Perez*. Accordingly, we grant Appellant's petition for

---

[2] Blackshire was again found to be indigent by the trial court and provided appointed counsel. (C.R. 39, 40).

4

discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinions in *Johnson* and *Perez*.

*Id.*

### D.   *Blackshire III*

On remand, Blackshire raised three points of error, challenging the court costs, appointed attorney fees, and the trial court's order that Blackshire pay the appointed attorney fees as a condition of parole. The Second Court of Appeals addressed only a portion of Blackshire's complaint, that which specifically challenged the $72 "DUE TO CSCD" assessed in the judgment by the trial court as reparations. The court explained its limited scope of review, stating:

> Even though both Blackshire and the State rebriefed their arguments pertaining to all of Blackshire's original points on appeal after the court of criminal appeals remanded this case back to this court, because the Court remanded back to this court specifically to address the $72 due to CSCD, we have confined our opinion on remand to this fee only.

*Blackshire III*, 2015 WL 3422498 at *1.

### E.   *Controlling Law*

The Texas Court of Criminal Appeals has held that when it reverses and remands a case to the court of appeals, the court of appeals is not limited on remand to considering only the issue the court

5

of criminal appeals reviewed and reversed; the court of appeals on remand may even review unassigned error that was preserved in the trial court. *See Garrett v. State*, 749 S.W.2d 784, 786-87 (Tex. Crim. App. 1986), *overruled in part on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997); *Carmell v. State*, 331 S.W.3d 450, 458 (Tex. App. 2010).

Moreover, although the Second Court of Appeals expressed a belief in *Blackshire III* that it was somehow limited to reviewing the $72 CSCD complaint on remand, *see Blackshire III*, 2015 WL 3422498 at *1, the Court in an earlier case knew differently:

> As the court of criminal appeals recognized in *Carroll v. State*, "The Rules of Appellate Procedure ... do not specifically address the scope of an intermediate appellate court's review following a remand from [the Texas Court of Criminal Appeals]." In *Carroll*, however, the court held that "the courts of appeals are not limited on remand to deciding the pertinent point of error based solely on the explicit basis set out by this Court in a remand order." Accordingly, while the court of criminal appeals's holding on Appellant's petition for discretionary review pertains only to Appellant's voice exemplar and does not specifically address his complaint as to the denial of his request to show the jury the condition of his mouth, we will reexamine our holding on the latter issue before turning to the question of whether Appellant was harmed by the trial court's rulings.

*Williams v. State*, 145 S.W.3d 737, 740 (Tex. App.–Fort Worth 2004, no pet.) (citations omitted)(alterations in original).

6

Moreover, as recognized by this Court, it would be a violation of Texas law for this Court to limit the scope of review for a court of appeals on remand:

> [F]or this Court to issue an "order of remand" to restrict the court of appeals in renewed exercise of its own jurisdiction, power and authority would seem to be an impossible and unwarranted abridgement of constitutional grant of same to courts of appeals by Article V, § 6, Constitution of Texas, as implemented by Articles 4.03, 44.24 and 44.25, V.A.C.C.P.

*Adkins v. State*, 764 S.W.2d 782, 784 (Tex. Crim. App. 1988).

"The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1; *see also Keehn v. State*, 233 S.W.3d 348 (Tex. Crim. App. 2007). Because the Second Court of Appeals failed to properly address every issue raised, this Court should exercise its power of supervision and correct that failure.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered

7

below, that this Court reverse the opinion of the Second Court of Appeals and reverse the conviction entered below.

Respectfully submitted,

/s/Kimberley Campbell
Kimberley Campbell
TBN: 03712020
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Charles Blackshire

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 2,050.

/s/Kimberley Campbell
Kimberley Campbell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this 5th day of June , 2015.

/s/Kimberley Campbell
Kimberley Campbell

# APPENDIX

1.  Opinion of the Second Court of Appeals.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00364-CR

CHARLES BLACKSHIRE A/K/A                         APPELLANT
CHARLIE BLACKSHIRE

V.

THE STATE OF TEXAS                                    STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1270086D

----------

## MEMORANDUM OPINION ON REMAND[1]

----------

This case is on remand to this court from the Texas Court of Criminal Appeals. On original submission, Blackshire, in two points, appealed the trial court's judgment ordering him to pay $1,592 in reparations and $309 in court costs, following the revocation of his deferred adjudication community

---

[1]See Tex. R. App. P. 47.4.

supervision.  *Blackshire v. State*, No. 02–12–00364–CR, 2013 WL 4679211 (Tex. App.—Fort Worth Aug. 29, 2013) (not designated for publication).  Subsumed in his arguments, Blackshire also appealed the trial court's imposition of court costs in the amount of $72 "Due to CSCD."  *Id.* at *2.  This court modified the trial court's judgment to reflect $284 in court costs and $1,032 (including appointed attorney fees in the amount of $900) in reparations, and affirmed the judgment as modified.  *Id.*  In modifying the judgment, this court held that sufficient evidence existed to support the trial court's imposition of the $72 due to CSCD.  *Id.*

Blackshire then petitioned the court of criminal appeals for discretionary review.  During the time in which Blackshire's petition was pending in the court of criminal appeals regarding our opinion on original submission, the court of criminal appeals handed down *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014), in which the Court set forth a roadmap for resolving questions regarding court costs.  In light of this opinion, the Court vacated our judgment and remanded Blackshire's appeal back to us.  In its remand, the Court cited Blackshire's argument, and our original holding, regarding whether the evidence was sufficient to support the $72 court cost fee payable to "CSCD."[2]  *Blackshire*

---

[2]Even though both Blackshire and the State rebriefed their arguments pertaining to all of Blackshire's original points on appeal after the court of criminal appeals remanded this case back to this court, because the Court remanded back to this court specifically to address the $72 due to CSCD, we have confined our opinion on remand to this fee only.

2

*v. State*, No. PD-1368-13, 2014 WL 1512961 (Tex. Crim. App. 2014) (not designated for publication).

Relevant to this case on remand, *Johnson* makes clear that supplementation of the clerk's record with a bill of cost, even if prepared after a criminal trial, does not constitute a new record for purposes of appeal. *See* Tex. R. App. P. 34.5(a) (listing items that generally must be included in a record on appeal); *see also Johnson*, 423 S.W.3d at 391. Thus, this court is permitted to order an "officer of the trial court to supplement the record with a bill of costs." *See Johnson*, 423 S.W.3d at 392 ("We conclude that a bill of costs is a relevant item that if omitted from the record, can be prepared and added to the record via a supplemental clerk's record.").

Here, the trial court has provided two supplemental clerk's records. In its first supplemental clerk's record, the trial court included a "Bill of Cost." In its second supplement clerk's record, the trial court included a certified cost sheet attributable to the "Community Supervision and Corrections Department of Tarrant County." This sheet contains a specific entry for $72 "Due to CSCD." Both the bill of cost and the CSCD sheet are stamped by the trial court clerk, and signed and dated by the trial court's deputy clerk. *See Shaw v. State*, No. 14-12-00876-CR, 2014 WL 4700683, at *1 (Tex. App.—Houston [14th Dist.] Sept. 23, 2014) ("The . . . report in this record is a compliant bill of costs because it contains an itemized list of costs, is certified by the district clerk, and is signed by a deputy district clerk.") (mem. op. on remand) (not designated for publication).

3

*Johnson* also stands for the proposition that "a specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record." *Johnson*, 423 S.W.3d at 395.

In this case, we originally held that the $72 due to CSCD was supported by evidence that the trial court had imposed a condition in his community supervision that Blackshire submit to drug testing and that he "pay for testing"; and that the record reflected that Blackshire had been tested multiple times during his community supervision. *Blackshire*, 2013 WL 4679211 at *2. Therefore, this court concluded that there was "evidence in the record documenting why the trial court assessed this $72 fee." *Id.* Even though the Court held in *Johnson* that a bill of costs was not necessary, although preferred, to support a reviewing court's holding that sufficient evidence in the record exists to support the trial court's imposition of court costs, nonetheless, the court of criminal appeals still vacated this court's judgment and remanded this case to this court to address the $72 due to CSCD. *See Johnson*, 423 S.W.3d at 395–96; *Blackshire*, 2014 WL 1512961 at *1.

Because the appellate record now contains two supplements that are certified by the trial court, signed and dated by the trial court's deputy clerk, specifically attributing the $72 costs to CSCD, and because there remains further evidence in the record that these costs are directly related to the condition of Blackshire's community supervision that he pay for drug testing which evidence

4

supports he took, we affirm our original holding and overrule Blackshire's argument that there is insufficient evidence in the record for the imposition of the $72 fee due to CSCD.

Having reaffirmed that the record in this case supports the trial court's imposition of the $72 "due to CSCD," we again modify the judgment adjudicating Blackshire's guilt to reflect $284 in court costs on page 1 of the judgment and the reparations amount to reflect $1,032 (which includes $900 in appointed attorney fees, $60 for one month of assessed probation fees, and $72 due to CSCD) on page 2 of the judgment, and we affirm the judgment as modified.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 28, 2015

5