

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00073-CR

_____

SERGIO GUADAL MARESMARTINEZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1665547

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Substitute Memorandum Opinion

**SUBSTITUTE MEMORANDUM OPINION**[1]

Appellant Sergio Guadal Maresmartinez attempts to appeal his conviction for two counts of sexual assault of a child and two counts of indecency with a child by sexual contact. *See* Tex. Penal Code §§ 21.11, 22.011(a)(2). Maresmartinez's sentence was imposed on June 29, 2023. He did not file a motion for new trial, making his notice of appeal due by July 31, 2023. *See* Tex. R. App. P. 26.2(a); *see also* Tex. R. App. P. 4.1 (extending filing deadline when last day falls on a Saturday or Sunday). However, Maresmartinez did not file his notice of appeal until February 27, 2026, making it untimely. *See* Tex. R. App. P. 26.2(a).

We notified Maresmartinez of our concern that we lack jurisdiction over this appeal because his notice of appeal was untimely. We warned him that unless he filed a response showing grounds for continuing the appeal, it could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3. Maresmartinez filed a response, but it does not show grounds for continuing the appeal.[2]

---

[1]On the court's own motion, we withdraw our April 16, 2026 opinion and substitute this opinion in its place.

[2]In his response, Maresmartinez asserted that he filed an Article 11.07 application for writ of habeas corpus requesting an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07. After we issued our prior opinion and judgment, we received from the trial court the Court of Criminal Appeals' (CCA) opinion on Maresmartinez's application, handed down April 9, 2026, granting him permission to file an out-of-time appeal. In its opinion, the CCA instructed the trial court to determine, within ten days, whether Maresmartinez is indigent and whether he wants to be represented by counsel and, if so, to appoint appellate counsel. The CCA also instructed Maresmartinez that, should he decide to appeal, he "must file a written

2

Because Maresmartinez's appeal was untimely and because a timely notice of appeal is an essential component of our jurisdiction, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.2(a), 43.2(f); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 7, 2026

---

notice of appeal in the trial court within thirty days from the date of th[e CCA's] mandate." *See, e.g.*, *Carmell v. State*, 331 S.W.3d 450, 458 (Tex. App.—Fort Worth 2010, pet. ref'd) ("The granting of an out-of-time appeal returns the appellant to the point at which he can begin the appellate process; thus, to be entitled to an out-of-time appeal ordered by a higher court, an appellant must file a new notice of appeal.").