Larry M. WILMETH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00397 CR.

Court of Appeals of Texas, Dallas.

Feb. 19, 1982.

Charles W. Tessmer and Robert Udashen, Dallas, for appellant.

Tom O'Connell, Asst. Dist. Atty., and Bill Schultz, Asst. Dist. Atty., Collin, for appellee.

Before AKIN, SPARLING and FISH, JJ.

AKIN, Justice.

Defendant appeals from his conviction for sexual abuse of a child. Punishment was assessed at fifteen years and one day. The State's primary witnesses at trial were the complainant who testified to the details of the offense, a neighbor who testified as to what complainant had told her concerning the offense, and complainant's mother, an accomplice, who substantially corroborated complainant's testimony. Defendant contends that admission of the hearsay testimony of the neighbor was reversible error and that the court erred in refusing to give an instruction under article 38.07 of the Code of Criminal Procedure. Because these contentions lack merit, we affirm.

■ Defendant contends first that the trial judge erred in admitting the neighbor's testimony because it was hearsay and not res gestae of the offense. We agree that the testimony should not have been admitted, but where, as here, that testimony was merely cumulative of the same evidence adduced from other witnesses, no error is shown. *See Sanne v. State,* 609 S.W.2d 762, 771 (Tex.Cr.App.1980); *Kerns v. State,* 550 S.W.2d 91, 95 (Tex.Cr.App. 1977). The test is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. *Myre v. State,* 545 S.W.2d 820, 827 (Tex.Cr.App.1977); *Cunningham v. State,* 500 S.W.2d 820, 824 (Tex.Cr.App. 1973). *See Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We hold that this testimony could not have reasonably contributed to conviction because the neighbor's testimony simply repeated the testimony of complainant and complainant's mother and added no new evidence.

■ Defendant contends second that the trial judge erred in not charging the jury pursuant to article 38.07 of the Code of Criminal Procedure. We do not agree. Article 38.07 provides:

A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim.

Tex.Code Crim.Pro.Ann. art. 38.07 (Vernon 1979). Prior to the enactment of article 38.07, the complainant's testimony in a sexual offense case had to be corroborated by some other evidence. *See* 1965 Tex.Gen. Laws, ch. 722; Code Crim.Pro. art. 38.07 at 466. The present article 38.07 was enacted to permit conviction to be supported solely on the uncorroborated testimony of the complainant. *See Hargrove v. State,* 579 S.W.2d 238, 239 (Tex.Cr.App.1979). Thus, article 38.07 applies only to those situations where the State seeks a conviction based solely upon the uncorroborated testimony of the complainant and the instruction in article 38.07 need not be given where the complainant's testimony is corroborated. Since complainant's testimony in this case was substantially corroborated by her mother, article 38.07 is inapplicable and the trial

judge was not required to charge pursuant to it.

Affirmed.