**Claude GOLDEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 6–88–006–CR.**

Court of Appeals of Texas,
Texarkana.

Nov. 1, 1988.

Discretionary Review Refused
March 22, 1989.

Dwight P. McDaniel, Longview, for appellant.

Charles C. Bailey, Dist. Atty., Mt. Pleasant, for appellee.

GRANT, Justice.

Claude Golden was convicted of sexually assaulting his fifteen-year-old stepdaughter and the jury assessed his punishment at six years of imprisonment. Tex.Penal Code Ann. § 22.011(a)(2) (Vernon Supp.1988).

At the time of the offense, the family lived in Pittsburg, Texas. Golden and his wife, Betty Golden, shared a bedroom with the victim. According to the testimony of the child, on August 15, 1986, while she was sleeping in bed with her niece, Golden got in bed with her, told her to take her clothes off, and sexually assaulted her. Betty Golden testified that she saw him on top of the girl, but she did not say or do anything.

Betty Golden moved to Dallas with her daughter on September 10, 1986. The child did not tell her mother of the attack until October 1986, although the mother had asked her about it between fifteen and twenty times. Golden testified that he did not commit the offense and that he never sexually assaulted his stepdaughter.

█ In his first point of error, Golden asserts that the trial court committed reversible error by failing to allow him to present evidence of the child's alleged prior sexual conduct. It is a defense to prosecution under Tex.Penal Code Ann. § 22.011(a)(2) that the child was fourteen years of age or older at the time of the offense and had previously promiscuously engaged in sexual conduct. Tex.Penal Code Ann. § 22.011(d) (Vernon Supp.1988). The record does not establish prior consensual sexual activity. The defense counsel attempted to elicit testimony from Betty Golden that one of the victim's brothers had previously "raped" the girl; however, such prior acts of forcible sexual assault upon a child do not render that child promiscuous for purposes of the defense contemplated by Section 22.011(d). *See,Hickman v. State*, 137 Tex.Crim. 616, 132 S.W. 2d 598 (1939) (A previous act of forcible sexual assault upon a child did not render that child "unchaste.").

Relying upon *Hernandez v. State*, 754 S.W.2d 321 (Tex.App.–Houston [14th Dist.], 1988, n.p.h.), Golden contends evidence of the child's prior sexual conduct was admissible under Section 22.011(d) although the issue of consent had not been raised. Unlike the instant case, the record before the *Hernandez* court contained evidence of the victim's previous promiscuous conduct in the form of testimony heard outside the jury's presence. *Hernandez, supra,* at 324. In holding that Section 22.011(d) does not require a defendant to raise the issue of consent prior to raising this defense, the *Hernandez* court noted that Section 22.-011(d) mandates acquittal of statutory rape charges when the child is over fourteen and under seventeen and has been previously promiscuous. *Hernandez v. State, supra,* at 326. *Hernandez* is contrary to other case law which provides that prior promiscuity is a defense only when consent is in issue. *Hernandez, supra,* (Robertson, J., dissenting); *Allen v. State*, 700 S.W.2d 924 (Tex.Crim.App.1985); *Esquivel v. State*, 506 S.W.2d 613 (Tex.Crim.App.1974); *Lewis v. State*, 709 S.W.2d 734 (Tex.App.–San Antonio 1986, pet.ref'd-untimely filed); *Moore v. State*, 703 S.W.2d 762 (Tex.App.–Houston [14th Dist.] 1985, no pet.). We need not, and do not, reach this issue in our disposition of the case since the record contains no evidence of promiscuous activity, by bill of exception or otherwise, within the purview of the defense. Golden has failed to preserve any error. Tex.R.App.P. 52(b).

█ Golden also asserts that the trial court erred by failing to permit him to present this evidence in order to attack the girl's credibility pursuant to Tex.R.Crim. Evid. 412.

Tex.R.Crim.Evid. 412(b) provides:

In a prosecution for sexual assault ... evidence of specific instances of an alleged victim's past sexual behavior *is also not admissible, unless:*

(1) *such evidence is admitted in accordance with paragraphs (c) and (d) of this rule;*

(2) it is evidence (A) that is necessary to rebut or explain scientific or medical evidence offered by the state; (B) of past sexual behavior with the accused ...; (C) that relates to the motive or bias of the alleged victim; (D) is admissible under Rule 609; or (E) that is constitutionally required to be admitted; *and*

(3) *its probative value outweighs the danger of unfair prejudice.* (Emphasis added.)

Tex.R.Crim.Evid. 412 explicitly predicates the admissibility of such evidence upon the defendant previously informing the court, outside the presence of the jury, of his intention to introduce any evidence or propound any question concerning a victim's past sexual behavior. Tex.R.Crim.Evid. 412(b)(1), (c). Golden failed to meet this threshold requirement by neglecting to inform the court of his intention prior to his attempts to elicit testimony concerning the girl's previous sexual activity.

The introduction of specific instances of prior conduct for purposes of impeaching the victim's credibility is not permitted. Tex.R.Crim.Evid. 608(b) provides:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence.

Moreover, Tex.R.Crim.Evid. 412(b) does not authorize general impeachment by insinuations of unchastity or immorality. *Pinson v. State*, 733 S.W.2d 387, 391 (Tex.App.–El Paso 1987, pet. granted). There is no indication of prior consensual sexual behavior, and Golden has failed to meet the threshold requirements for the admissibility of such evidence. Tex.R.Crim.Evid. 412(b)(1), (c).

■ Golden asserts that the trial court committed reversible error by failing to charge the jury, pursuant to Tex.Code Crim.Proc.Ann. art. 38.07 (Vernon Supp. 1988), concerning the limited considerations to be given the length of time an alleged victim waits before telling anyone of the assault. The Article, however, applies only to situations where the State is seeking a conviction based solely upon the uncorroborated testimony of the victim. *Wilmeth v. State*, 629 S.W.2d 218 (Tex.App.–Dallas 1982, pet. ref'd). In the present case, the victim's testimony concerning the sexual assault was corroborated by her mother, thus rendering Article 38.07 inapplicable. *Nemecek v. State*, 621 S.W.2d 404 (Tex. Crim.App.1980), *overruled in part, Hernandez v. State*, 651 S.W.2d 746, 754 (Tex. Crim.App.1983). Furthermore, Golden neither requested the instruction nor objected to its omission. In the absence of a request or an objection, the trial court's omission of the charge required by Article 38.07 does not constitute reversible error. *Martinez v. State*, 576 S.W.2d 854 (Tex.Crim. App.1979); Tex.R.App.P. 52.

Golden also complains of the trial court's failure to provide an *in camera* hearing pertaining to the complainant's sexual history. This duty is predicated upon the defendant having previously provided the court with notice, which Golden failed to do. Tex.R.Crim.Evid. 412(c). Additionally, Golden has failed to demonstrate harm; the record does not reflect by bill of exception, or otherwise, that the complainant had engaged in prior promiscuous sexual activity. Golden has preserved no error for review. Tex.R.App.P. 52(b).

■ Golden also urges that his conviction should be reversed and remanded due to ineffective assistance of counsel during the pre-trial and trial stages of this action. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court articulated a two-pronged test for determining whether counsel rendered ineffective assistance. To sustain such a claim, a defendant must show that defense counsel's performance was not reasonably effective and that he must affirmatively show prejudice. Justice O'Conner phrased the test as follows:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been differ-

ent. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland v. Washington, supra,* at 694, 104 S.Ct. at 2068. The right to effective assistance of counsel is no greater under Article I, Section 10 of the Texas Constitution than the right as recognized in *Strickland. Hernandez v. State,* 726 S.W.2d 53, 56 (Tex.Crim.App.1986).

A criminal defendant is entitled to reasonably effective assistance of counsel; he is not entitled to errorless counsel. *Hernandez v. State, supra,* at 58; *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App. 1984). Review should encompass the totality of counsel's performance, it should be deferential, and it should remain undistorted by hindsight. *Hernandez v. State, supra; Moore v. State,* 700 S.W.2d 193 (Tex. Crim.App.1985), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986); *Ingham v. State, supra.*

Golden specifically complains of counsel's failure to obtain a ruling on his motion to have a court reporter transcribe all of the proceedings, including the proceedings held outside of the jury's presence. The record reveals that, although the proceedings before the jury were recorded, only one of the bench conferences was transcribed by the court reporter. Even the complete failure to file pretrial motions is not per se indicative of deficient performance by trial counsel. *Flanagan v. State,* 675 S.W.2d 734 (Tex.Crim.App.1984). Isolated instances of errors of omission do not render counsel's performance constitutionally deficient. *Moore v. State, supra.*

Golden's complaint of counsel's failure to persist in his attempts to admit evidence of the girl's prior sexual conduct is also not persuasive. The record does not indicate that there was any evidence of prior consensual sexual conduct or that such testimony would have benefitted the defense. *Wilkerson v. State,* 726 S.W.2d 542 (Tex. Crim.App.1986). Counsel's failure to object to the omission of the Article 38.07 charge is not indicative of deficient performance; as we have stated, the charge was not warranted since the victim's testimony was corroborated. Similarly, Golden's complaint of counsel's failure to "appropriately emphasize" the credibility of the girl's testimony is a conclusory assertion, and the record does not reflect that counsel's performance was outside the ambit of professional standards in this respect. Golden has failed to demonstrate that any deficiency in his assistance of counsel was of a magnitude sufficient to render the outcome of the proceeding suspect. *Strickland v. Washington, supra.*

We overrule all of the appellant's points of error, and we affirm the judgment of the trial court.