**Harold CONNALLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–385–CR.**

Court of Appeals of Texas,
Corpus Christi.

July 30, 1992.

Walter E. Chastain, Chastain & Chastain, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and SEERDEN, JJ.

OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant guilty of indecency with a child. Appellant elected to have the trial court assess punishment and pleaded true to the enhancement allegation of a prior felony conviction for indecency with a child. The trial court found the enhancement allegation to be true and assessed punishment at ten years' confinement. By a single point of error, appellant complains that the trial court erred by denying him the right to cross-examine the victim concerning her previous sexual activity. We affirm the trial court's judgment.

A person commits indecency with a child if he engages in sexual contact with a child younger than 17 years of age and not his spouse or, with the intent to arouse or gratify the sexual desire of any person and knowing the child is present, exposes his anus or any part of his genitals to the child. Tex.Penal Code Ann. § 21.11(a) (Vernon 1989). Promiscuous engagement in sexual intercourse, deviate sexual intercourse, sexual contact, or indecent exposure by a victim 14 years or older at the time of the alleged offense is a defense to prosecution. Tex.Penal Code Ann. § 21.-11(b) (Vernon 1989).

This case was originally tried to a jury on April 29, 1991, but a mistrial was declared. During the original trial, appellant exam-

ined the victim on voir dire to elicit her sexual history and to prepare a bill of exceptions, should the trial court rule that the prior sexual activity was inadmissible. A mistrial was granted on appellant's motion, and a new trial began on June 3, 1991. The second trial commenced with the State and defense stipulating that the voir dire examination of the victim be considered offered, the same objections made, and the same rulings entered. The trial court ruled that the evidence was not sufficient to raise the defense of promiscuous conduct and should not be admitted before the jury. The trial court also denied appellant permission to cross-examine the victim before the jury on the issue of prior sexual conduct.

Appellant argues that the victim engaged in sexual intercourse since the age of eight through the time of the offense and that she had sexual contact with many males. The State argues that the victim had a history of being sexually assaulted by her former stepfather and that she engaged in a single act of consensual intercourse.

■ "Promiscuity" does not refer to an isolated incident of sexual relations with one particular person; it denotes an indiscriminate grant of physical favors to persons of the opposite sex without any requirement of love. *Ramos v. State*, 819 S.W.2d 939, 941 (Tex.App.—Corpus Christi 1991, no pet.). Courts of this State hold that prior acts of forcible sexual assault upon a child do not make that child promiscuous for purposes of establishing the promiscuity defense to sexual assault, TEX.PENAL CODE ANN. § 22.011(d)(1) (Vernon 1989). *See Golden v. State*, 762 S.W.2d 630, 631 (Tex.App.—Texarkana 1988, pet. ref'd). Single acts of sexual conduct do not constitute promiscuity. *Scoggan v. State*, 736 S.W.2d 239, 241 (Tex. App.—Corpus Christi 1987), *rev'd on other grounds*, 799 S.W.2d 679 (Tex.Crim.App. 1990); *Wicker v. State*, 696 S.W.2d 680, 682–83 (Tex.App.—Dallas 1985), *aff'd*, 740 S.W.2d 779 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). Sexual contact is defined as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." TEX.PENAL CODE ANN. § 21.01(3) (Vernon 1989).

 The victim testified on voir dire that her former stepfather sexually molested her from the time she was five years old until she was thirteen, that he forced intercourse upon her from age eight or nine, and that she fought and screamed when he assaulted her. She testified that she had sex with one boy when she was thirteen. She admitted to kissing, hugging, and holding hands with other boys, but she indicated that she touched the genitalia of none of these other boys and that none of them touched her genitalia. She was not asked, and the record does not reflect, whether anyone touched her breasts or anus.

The evidence shows only a history of forced sexual assaults and a single act of sexual intercourse. The trial court correctly ruled that the evidence did not raise the defense of promiscuity. We overrule appellant's point of error.

We affirm the trial court's judgment.