02-97-197-CR
















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-97-197-CR

 

 

SCOTT
 LESLIE CARMELL                                                                 APPELLANT

 

V.

 

THE
 STATE OF TEXAS                                                                             
 
 STATE

 

------------

 

FROM THE 367TH
DISTRICT COURT OF DENTON
COUNTY

 

------------

 

OPINION

 

------------

Introduction

In this
out-of-time appeal, Scott Leslie Carmell brings four issues:  (1) the United States Supreme Court’s holding
in Carmell v. Texas, 529 U.S. 513,
120 S. Ct. 1620 (2000), requires entry of a judgment of acquittal on four of
the counts for which he was originally convicted (counts seven through ten);
(2) the trial court’s failure to instruct the jury that it could consider the
elapsed time between the offenses in counts seven through ten and the victim’s
outcry only for the purpose of assessing the weight to be given the victim’s
testimony requires reversal; (3) this court’s prior ruling that the victim’s
testimony that appellant contacted her “genital area” and “pubic hair” was
sufficient to support a conviction conflicts with opinions of the Texas Court
of Criminal Appeals defining “genitals” under the Texas Penal Code; and (4)
Texas Penal Code section 22.021 is void for vagueness as applied to appellant
in violation of his due process and equal protection rights under the United
States and Texas Constitutions.  We
affirm.

Procedural Background

A jury convicted appellant of fifteen counts of sexual
offenses committed against his stepdaughter, K.M.  He appealed to this court, arguing, among
other things, that the evidence supporting counts seven through ten––one count
of sexual assault and three counts of indecency with a child by contact––was
legally insufficient.  See
Carmell v. State, 963 S.W.2d 833, 835–36 (Tex. App.—Fort Worth 1998, pet.
ref’d) (Carmell I), rev’d, 529 U.S. 513, 120 S. Ct. 1620
(2000) (Carmell II).  His argument was based on article 38.07 of
the code of criminal procedure, which, prior to a 1993 amendment, allowed
convictions for indecency with a child and sexual assault to be supported by
“the uncorroborated testimony of the victim of the sexual offense [only] if the
victim informed any person, other than the defendant, of the alleged offense
within six months after the date on which the offense is alleged to have
occurred.”  See Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws
2090–91 (current version at Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005)
(omitting outcry requirement for child between fourteen and seventeen)).  The former statute further provided that “[t]he requirement
that the victim inform another person of an alleged offense does not apply if
the victim was younger than 14 years of age at the time of the alleged
offense.”  Id.[1]

Appellant argued that under this
statute the evidence supporting counts seven through ten was legally
insufficient because it consisted solely of the uncorroborated testimony of
K.M., who had failed to make a timely outcry and who was fourteen and older at
the time the offenses were alleged to have occurred.  Because K.M. waited more than a year to tell
a third-party adult what had happened, her outcry was not timely under the pre-amended
version of article 38.07.  See id. 
We held that the amended version of article 38.07, which provides that
the outcry requirement is not applicable to an offense against a child younger
than eighteen, applied to the convictions in counts seven through ten.  Carmell
I, 963 S.W.2d at 836 & n.5.  Thus,
we rejected appellant’s insufficiency-of-the-evidence claims and affirmed his
convictions for counts seven through ten. 
Id. at 836 & n.5, 838.  The court of criminal appeals refused his
petition for discretionary review.

However, the United States Supreme
Court granted appellant’s petition for writ of certiorari and reversed our
judgment.  See Carmell II, 529 U.S. at 553, 120 S. Ct. at 1643.  The Court compared the 1993 amended version
of article 38.07, which we had applied, with the earlier version and concluded
that the amended version changed the quantum of evidence necessary to sustain a
conviction.  Id. at 517–18, 120 S. Ct. at 1625. 
Thus, because appellant committed the offenses charged in counts seven
through ten before the effective date of the 1993 amendment and K.M. was over
fourteen years of age at the time of the offenses, the Court held that appellant’s
convictions on those four counts, “insofar as they are not corroborated by
other evidence,” violated the constitutional prohibition on ex post facto laws
and could not stand.  Id. at 552, 120 S. Ct. at 1643.  The Court remanded for further proceedings
not inconsistent with its opinion.  Id. at 553, 120 S. Ct. at 1643.

We recalled our mandate, and appellant
requested appointment of counsel on remand. 
The trial court appointed Tom Whitlock to represent appellant, but after
receiving correspondence from appellant, Whitlock determined that he would not
be able to provide him satisfactory representation.  Having never requested to file a supplemental
brief,[2]
Whitlock filed a motion for leave to withdraw in the trial court; the trial
court granted the motion and substituted Jack McKeathen as appellant’s counsel
on July 24, 2000.  About three weeks
later, on August 17, 2000, we issued our opinion on remand.  Carmell v. State, 26 S.W.3d 726 (Tex.
App.—Fort Worth 2000, pet. ref’d) (op. on remand) (Carmell III), cert. denied,
534 U.S. 957 (2001). [3]  After
a de novo review of the trial record, applying the pre-amended version of the
statute, we concluded that K.M.’s testimony about counts seven through ten was
sufficiently corroborated and affirmed the judgment.  Id.
at 728.  The next day, appellant’s new
attorney, McKeathen, sought leave to file a supplemental brief and requested
that we delay the release of our opinion. 
In his motion, McKeathen explained that he was not informed of his
appointment as appellant’s attorney until July 28, 2000, and he certified that
the State had no objection to the motion. 
We denied McKeathen’s request as moot.

McKeathen moved for rehearing, to
have our opinion withdrawn, and for leave to file a supplemental brief.  We denied the motions.  Thus, no brief was ever filed by, or on
behalf of, appellant during the proceedings on remand.  The court of criminal appeals again refused appellant’s
petition for discretionary review, and the United States Supreme Court denied
his petition for writ of certiorari.

Appellant sought but was denied state
habeas relief in fifteen separate applications (one for each of his
convictions), arguing that he was denied effective assistance of counsel during
the appellate proceedings on remand from the Supreme Court and that his
constitutional rights were infringed by our decision to affirm his convictions
again on remand.  Carmell v.
Quarterman, 292 Fed. Appx. 317, 322 (5th Cir. 2008) (Carmell IV), cert. denied,
129 S. Ct. 2831 (2009).  Having exhausted
his state court remedies, appellant timely filed a habeas petition in federal
district court on the same grounds.  Id. 
The district court denied his applications, but the Fifth Circuit Court
of Appeals reversed the district court’s denial as to the ineffective
assistance of counsel claim.  Id. at 322, 330.  On remand to the federal district court, that
court issued an order stating that it would grant appellant habeas relief on
counts seven through ten unless this court afforded appellant an out-of-time
appeal within one hundred twenty days from the date of the order.  Appellant then timely filed a notice of
appeal, and the trial court appointed new counsel, John Knowles, to assist
appellant with this out-of-time appeal.[3]

Acquittal Not Required for Counts Seven
Through Ten

In his
first issue, appellant contends that the Supreme Court’s opinion in Carmell II required us to render a
judgment of acquittal on counts seven through ten rather than review whether
K.M.’s testimony was sufficiently corroborated. 
Included in his argument are the contentions that the State waived
corroboration as an alternative means of affirming the trial court’s judgment by
failing to raise it until remand and that the victim’s testimony could only
properly be corroborated by eyewitness testimony.

The Fifth
Circuit Court of Appeals has already addressed this very issue:  as it noted in its opinion holding that this
court should have afforded appellant an appeal with counsel, in Carmell II the Supreme Court explained
in a footnote that

[t]he State argues that
there is evidence corroborating the victim’s testimony, so it does not help
petitioner even if the old law applies. 
Before the state court, however, petitioner argued that “there was
nothing to corroborate [the victim’s] version of events,” . . . and that court
accepted the contention as correct for the purposes of its decision.  We do the same here.

 

Carmell IV, 292 Fed. Appx. at 324
(quoting Carmell II, 529 U.S. at 519
n.4, 120 S. Ct. at 1625 n4 (citations omitted)) (emphasis omitted).  As the Fifth Circuit explained, “The most
plausible reading of this passage is that the Court only assumed a lack of corroborating evidence, arguendo, in order to
reach the ex post facto question.  Such
assumptions are not part of the mandate and, as such, do not constrain the
lower court on remand.”  Carmell IV, 292 Fed. Appx. at 324
(emphasis added).  Moreover, the Court’s
ultimate holding acknowledges that corroboration could be raised in the
future:  “[W]e hold that petitioner’s
convictions on counts 7 through 10, insofar
as they are not corroborated by other evidence, cannot be sustained under
the Ex Post Facto Clause.”  Carmell II, 529 U.S. at 552, 120 S. Ct.
at 1643 (emphasis added); see also id.
at 555 n.2, 120 S. Ct. at 1644 (Ginsburg, J., dissenting) (declining, “like the
Court,” to address whether K.M.’s testimony was corroborated because that “question
is outside the grant of certiorari”); Carmell
IV, 292 Fed. Appx. at 325 (describing the Court’s holding as “open-ended”).
 Finally, the Court reversed the “judgment”
of this court and “remanded for further proceedings not inconsistent with” its
opinion; it did not order an acquittal on counts seven through ten.  Carmell
II, 529 U.S. at 553, 120 S. Ct. at 1643. 
Thus, based on the above, the Fifth Circuit held that “[t]aken as a
whole, it is clear that the Supreme Court in fact neither considered nor
decided (even implicitly) the issue of corroboration.”  Carmell
IV, 292 Fed. Appx. at 325.

We agree
with and adopt the Fifth Circuit’s reasoning. 
In Carmell II, the Court
merely addressed the precise issue before it: 
whether the application of the amended version of article 38.07 to
offenses that occurred before its effective date violated the Ex Post Facto Clause
of the United States Constitution.  529
U.S. at 516, 120 S. Ct. at 1624.  The Court
did not foreclose this court from reviewing whether the convictions in counts
seven through ten could be affirmed for a different reason.  We next address the remaining subissues in
appellant’s first issue.

No Waiver of Corroboration as Alternative Means
of Affirming Judgment

Appellant
contends that the State waived corroboration as an alternative theory on which
to affirm the conviction in counts seven through ten because it failed to raise
it as an argument supporting the conviction in its very first appellee’s brief.  Because the State prevailed at trial, it was
not required to raise any allegations in this court as an appellee.  See
Volosen v. State, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007); Lewis v. State, 664 S.W.2d 345, 347
(Tex. Crim. App. 1984); cf. Boyce Iron
Works, Inc. v. Sw. Bell Tel. Co., 747 S.W.2d 785, 787 (Tex. 1988) (holding
that in civil case prevailing party at trial is not required to raise alternate
grounds of recovery until judgment is reversed).  Moreover, appellant raised the issue that
K.M.’s testimony was not corroborated in his very first brief in Carmell I; we simply did not address it
because we affirmed on the ground that the amended version of article 38.07
applied to counts seven through ten.  Accordingly,
we conclude and hold that the State did not waive its assertion that the
convictions in counts seven through ten were properly corroborated by raising
it for the first time in this court on remand. 
See Volosen, 227 S.W.3d at 80; Lewis, 664 S.W.2d at 347.

Eyewitness Testimony Not Necessary to
Corroborate K.M.’s Testimony

Appellant further
contends that the only type of corroborating evidence that is sufficient under
the former version of rule 38.07 is eyewitness testimony.  He bases this argument on the following
excerpt from a Houston Fourteenth District Court of Appeals case:

In the present case, the
State produced no eyewitness other than the five-year-old complainant.  We believe art. 38.07 speaks to cases such as
this one before us wherein the State seeks a conviction in the absence of any eyewitness to the offense
other than the young victim.  “The lack
of any other eyewitness” is what is meant in art. 38.07 by “uncorroborated
testimony.”  Therefore, art. 38.07
applies and authorizes testimony of the child’s outcry.

 

Heckathorne v. State, 697
S.W.2d 8, 12 (Tex. App.––Houston [14th Dist.] 1985, pet. ref’d).

The context
of the court’s holding in Heckathorne
was that the hearsay outcry statements in that case were admissible because
there was no eyewitness to the offense.  Id. at 12.  The appellant in Heckathorne did not complain that there was insufficient
corroboration of the child victim’s testimony; instead, he complained that the
testimony of the child’s uncle, mother, and grandfather regarding his outcry
was not admissible because the State did not seek conviction based only on the
child victim’s uncorroborated testimony. 
Id.  The appellant cited Brown v. State, 649 S.W.2d 160, 162 (Tex. App.––Austin 1983, no
pet.), and Wilmeth v. State, 629
S.W.2d 218, 219 (Tex. App.––Dallas 1982, pet. ref’d), in which the courts held
that hearsay outcry statements were not admissible under article 38.07 when the
State introduced evidence corroborating the child victim’s testimony.  In those cases, the corroborating evidence
was eyewitness testimony.  Brown, 649 S.W.2d at 162; Wilmeth, 629 S.W.2d at 219.  But in Heckathorne,
there was no eyewitness testimony, nor did the court discuss any corroborating
testimony other than the statements the child victim made to the uncle, mother,
and grandfather.  Heckathorne, 697 S.W.2d at 12. 
Thus, the court’s holding about “eyewitness testimony” is in the context
of deciding the admissibility of the outcry statements and was in direct
response to the appellant’s argument about the particular type of corroborating
evidence in the two cases he cited and relied upon.  See id.
at 12.  We agree with the Corpus Christi
Court of Appeals that Heckathorne
does not––or if it meant to, should not––stand for the proposition that the
only way a victim’s testimony about a sexual offense could be corroborated in
the absence of a timely outcry is by an eyewitness to the offense itself.  Zule v.
State, 802 S.W.2d 28, 33 (Tex. App.––Corpus Christi 1990, pet. ref’d); see also Martinez v. State, 178 S.W.3d
806, 813 (Tex. Crim. App. 2005) (“Article 38.07 requires the State to offer
some corroborative evidence, such as eyewitness testimony, a defendant’s
admissions, medical testimony, or other circumstantial proof, if the competent
adult complainant in a sexual assault prosecution has not informed any adult .
. . of the alleged offense within a year of its commission.” (footnotes
omitted) (noting that in 1980 court of criminal appeals adopted same standard
of corroboration for rape testimony as for accomplice-witness testimony)).

As the court of criminal appeals held before Heckathorne, corroborating evidence for
purposes of article 38.07 is only that evidence tending to connect the accused
with the offense charged.  Nemecek v. State, 621 S.W.2d 404, 406 (Tex.
Crim. App. 1980), overruled in part on
other grounds by Hernandez v. State, 651 S.W.2d 746 (Tex. Crim. App. 1983);
cf. Scoggan v. State, 799 S.W.2d 679, 681 n.5 (Tex. Crim. App. 1990)
(citing Nemechek and concluding that
although there was corroborating evidence of a “romantic relationship,” it was
not sufficient to connect Scoggan to the offense as charged).  Accordingly, we conclude and hold that
eyewitness testimony to the offenses comprising counts seven through ten was
not necessary in this case.  See Nemechek, 621 S.W.2d at 406; Hindman v. State, 152 Tex. Crim. 75,
211 S.W.2d 182, 185–89 (1948).  Moreover,
we reaffirm the reasoning and analysis in this court’s opinion in Carmell III holding that there was
sufficient corroborating evidence to support appellant’s convictions for counts
seven through ten.  See 26 S.W.3d at 728.  We overrule
appellant’s first issue.

This Court
Has Jurisdiction to Consider Appellant’s Remaining Issues

Appellant raises three additional issues, some of
which relate to counts seven through ten and others of which relate to other
counts.  Although he raised the third
issue in Carmell I, he did not raise
the second or fourth.  The State contends
that the federal court’s order stating that it would grant habeas relief on
counts seven through ten if this court did not provide appellant with an out-of-time
appeal limited our consideration of issues to those related only to counts seven
through ten.  However, the federal
district court’s order did not limit the appeal to matters involving those
counts only, nor did it limit what this court could consider in the appeal.  Likewise, this court’s order reinstating the
case did not limit the issues we would consider on appeal.

The purpose of an out-of-time appeal in such
circumstances is for the federal court to allow the state court the opportunity
to correct, if possible, the federal constitutional error that the federal
court has determined occurred.  Smith v. Lucas, 9 F.3d 359, 367 (5th
Cir. 1993), cert. denied, 511 U.S.
1042 (1994). The federal court may not order the state court to make certain
remedies available or to conduct a certain type of hearing.  Id.  Upon such a conditional release order, the
state, pursuant to available state procedures, may take whatever action it
deems necessary.  Billiot v. Puckett, 135 F.3d 311, 316 n.5 (5th Cir.), cert. denied, 525 U.S. 966 (1998).  The granting of an out-of-time appeal returns
the appellant to the point at which he can begin the appellate process; thus,
to be entitled to an out-of-time appeal ordered by a higher court, an appellant
must file a new notice of appeal.  See Ex parte Daigle, 848 S.W.2d 691, 692
(Tex. Crim. App. 1993); Jessup v. State,
18 S.W.3d 723, 724 (Tex. App.––San Antonio 2000, no pet.).

“Once jurisdiction of an appellate court is
invoked,[[4]]
exercise of its reviewing functions is limited only by its own discretion or a
valid restrictive statute.”  Carroll v. State, 101 S.W.3d 454, 456
(Tex. Crim. App. 2003); Garrett v. State,
749 S.W.2d 784, 786 (Tex. Crim. App. 1986), overruled
in part on other grounds by Malik v. State, 953 S.W.2d 234 (Tex. Crim. App.
1997).  Thus, when a court of appeals
reverses a judgment without ruling on all grounds raised on appeal, and the
court of criminal appeals reverses and remands to the court of appeals, the court
of appeals is not limited on remand to considering only the issue the court of
criminal appeals reviewed and reversed; the court of appeals on remand may even
review unassigned error that was preserved in the trial court and reverse on
that basis.  Garrett, 749 S.W.2d at 786–87; see
also Carroll, 101 S.W.3d at 457 (holding that court of appeals may
reanalyze point or issue on remand on grounds not required or foreclosed by
remand order).  The court of appeals’s
jurisdiction is restored when the court of criminal appeals’s mandate becomes
final.  Garrett, 749 S.W.2d at 787.  Likewise,
here, this court’s jurisdiction was invoked once appellant filed his notice of
appeal within the time specified by the federal court in its order.  Cf.
Jessup, 18 S.W.3d at 724–25
(dismissing out-of-time appeal after federal conditional release order because Jessup
never filed notice of appeal within time prescribed by federal court).  At that point, the case was restored to the
same status it had when appellant filed the initial appeal.[5]  Theus v.
State, 863 S.W.2d 489, 490–91 (Tex. Crim. App. 1993); Ex parte Lopez, 763 S.W.2d 427, 428–30 (Tex. Crim. App. 1989); see also Abbott v. State, 278 S.W.3d
929, 930–32 (Tex. App.––Waco 2009, no pet.) (Gray, C.J., concurring in actions
of clerk of that court in sending parties letter inquiring about additional briefing
and jurisdiction and explaining status of case and proper procedure in court of
appeals on remand from court of criminal appeals).  Thus, we conclude and hold that we have
jurisdiction to review the remaining issues raised in appellant’s brief in this
out-of-time appeal.[6]

Article 38.07 Jury Instruction Not Required
for Counts Seven Through Ten

In his
second issue, appellant argues that his convictions in counts seven through ten
should be reversed because of the trial court’s failure to instruct the jury
that the time elapsed between the offenses in counts seven through ten and the
time of K.M.’s outcry could be considered by the jury only for the purpose of
assessing the weight to be given her testimony in accordance with article
38.07.  The version of article 38.07 in
effect at the time of trial provided that “[t]he court shall instruct the jury
that the time which elapsed between the alleged offense and the time it was
reported shall be considered by the jury only for the purpose of assessing the
weight to be given to the testimony of the victim.”  See
Act of May 26, 1983, 68th Leg., R.S., ch. 382, § 1, 1983 Tex. Gen. Laws
2090–91.

Under the
former version of article 38.07, the convictions for counts seven through ten
could be sustained only if K.M.’s testimony were sufficiently corroborated or if she made a timely outcry.  Reed v.
State, 991 S.W.2d 354, 361–62 (Tex. App.––Corpus Christi 1999, pet. ref’d).  Here, it was undisputed that there was no timely
outcry for the offenses in counts seven through ten.  But, as we determined on appellant’s original
appeal on remand, and further affirm in this opinion, K.M.’s testimony on
counts seven through ten was corroborated by other evidence, including
appellant’s own admission that he committed adultery with her.  Because K.M.’s testimony in this case was
corroborated by other evidence, the instruction contained in article 38.07––relating
to the outcry––was not necessary, and even if it had been, any error would be
harmless.  Golden v. State, 762 S.W.2d 630, 632 (Tex. App.––Texarkana 1988,
pet. ref’d); Wilmeth, 629 S.W.2d at
219–20.  Accordingly, the trial court did
not reversibly err by giving a charge that did not include such an
instruction.  Golden, 762 S.W.2d at 632; Wilmeth,
629 S.W.2d at 219–20.  We overrule
appellant’s second issue.

“Genital Area,” “Pubic Hair” Within Penal Code
Definition of  “Genitals”

In his
third issue, appellant contends that this court’s holding in Carmell I––that K.M.’s testimony
concerning appellant’s contacting her “genital area” and “pubic hair” was
sufficient to meet the definition of “genitals” under the applicable statutes––conflicts
with court of criminal appeals opinions defining that term. According to
appellant, courts have allowed such broad testimony only when young children
were testifying, and here the victim was over eighteen when she testified.

Appellant
challenges K.M.’s testimony on counts one and three; count one was an indecency
by contact count, and count three was an aggravated sexual assault count.  For count one, the State had to prove that
appellant engaged in sexual contact with K.M. by touching her “genitals” with
the intent to arouse or gratify his sexual desire.  See
Act of May 4, 1979, 66th Leg., R.S., ch. 168, § 1, 1979 Tex. Gen. Laws 373, 373
(current version at Tex. Penal Code Ann. § 21.01 (Vernon Supp. 2010)); Act of
May 12, 1981, 67th Leg., R.S., ch. 202, § 3, 1981 Tex. Gen. Laws 471, 472
(current version at Tex. Penal Code Ann. § 21.11 (Vernon Supp. 2010)).  For count three, the State had to prove that
appellant intentionally or knowingly caused K.M.’s “sexual organ” to contact
his sexual organ when K.M. was under fourteen. 
See Act of July 18, 1987, 70th
Leg., 2nd C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80, 80 (current version at
Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2010)).

Referring
specifically to count one as alleged, the prosecutor asked K.M. if appellant
touched her genitals, and she said, “Yes.” 
When the prosecutor asked how, she said, “Well, just on the pubic hair.”  When asked about the allegation in count
three, K.M. testified that appellant’s penis touched her “genital area.”  But, immediately thereafter, she responded
affirmatively when the prosecutor asked whether appellant’s penis was “up against
[her] genital.”

The court
of criminal appeals, in a pre-Carmell I
opinion addressing section 21.11, the indecency statute, held that the term “genitals”
in that statute “includes more than just the vagina . . . ; [it] includes the vulva which immediately
surrounds the vagina.”  Clark v. State, 558 S.W.2d 887, 888–89
(Tex. Crim. App. 1977) (emphasis added). 
As we previously held in Carmell I,
K.M.’s testimony that appellant touched her “pubic hair” and contacted her
“genital area” with his penis is sufficient to show that he touched and
contacted her “genitals” for purposes of both statutes.[7]  963 S.W.2d at 837.  We reaffirm those holdings and overrule
appellant’s third issue.

Appellant Failed to Preserve Constitutionality
of Penal Code § 22.021

In his
fourth issue, appellant contends that section 22.021 of the penal code is void
for vagueness as applied to him in violation of his rights to due process and
equal protection under the United States and Texas Constitutions.  Appellant did not raise this issue at trial;
thus, he has not preserved it for our review. 
See Mays v. State, No.
AP-75,924, 2010 WL 1687779, at *11 (Tex. Crim. App. Apr. 28, 2010); Sony v. State, 307 S.W.3d 348, 352 (Tex.
App.––San Antonio 2009, no pet.); see
also Karenev v. State, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding
that appellant may not raise facial challenge to constitutionality of statute
for first time on appeal). We overrule appellant’s fourth issue.

Conclusion

Having
overruled all four of appellant’s issues in this out-of-time appeal, we affirm
the trial court’s judgment.

 

 

 

                                                                             
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

 

PUBLISH

 

DELIVERED:  September 30, 2010











[1]K.M.
was not yet fourteen when the offenses alleged in counts one through six of the
indictment occurred; thus, those convictions were supportable based solely on
her uncorroborated testimony.  See Act of May 26, 1983, 68th Leg., R.S.,
ch. 382, § 1, 1983 Tex. Gen. Laws 2090–91.  Likewise, the dates of the offenses charged
in counts eleven through fifteen were after the effective date of the amendment
to article 38.07, so it did not operate to make any uncorroborated testimony as
to those offenses insufficient.  See Tex. Code Crim. Proc. Ann. art.
38.07.





[2]The
State, on the other hand, did file a supplemental brief on remand, asserting
that K.M.’s testimony at trial was sufficiently corroborated by other evidence.

 





[3]Our opinion on remand recounted,
among other details, that K.M. testified at trial that appellant’s erect penis
touched her genital area, that appellant had kissed her breasts, that appellant
brought a condom and a vibrator upstairs and he had her rub his penis until he
ejaculated, and that on another occasion, he brought a vibrator upstairs and
touched her genital area with it.  We
noted the following corroborating evidence:

 

●        K.M. and appellant had “date nights,” as
he called them, when they would go out to dinner, watch a movie, and sleep
together in K.M.’s bed, and appellant’s wife Eleanor found him sleeping nude
with K.M. after one of the dates;

●        Eleanor told the jury that appellant
believed family nudity was a way to achieve unity and said that appellant tried
to have sex with her while K.M. was in bed with them and that she had witnessed
appellant kissing K.M. on the lips in a romantic manner;

●        Appellant seemed overly concerned with
K.M.’s menstrual cycle and remarked several times that K.M. was “late.”  He started taking baths with K.M.; and

●        Eleanor claimed that after he was
arrested, appellant admitted to her that he had committed adultery with K.M.

Carmell
III,
26 S.W.3d at 728.





[3]Because
no member of this court’s prior panel remains on this court, a new panel has
been assigned to hear this matter. 
Justice Lee Gabriel is recused.





[4]An
appellate court’s jurisdiction is invoked by the timely filing of a notice of
appeal.  Slaton v. State, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); see Tex. R.
App. P. 25.2(b).





[5]Accordingly,
the law of the case doctrine does not apply to bar our consideration of the
remaining issues.  This situation is akin
to a remand from the court of criminal appeals; in such a situation, the law of
the case doctrine does not apply to the court of appeals’s review of the
remanded issue because the appeal is “the same appeal in the same court that
made the initial determination[,] . . . and thus there is not yet any final
‘law of the case’ upon which to rely.”  Carroll, 101 S.W.3d at 460 n.35.

 





[6]Our
holding should not be read to impose a requirement on appellate courts to
address such issues in all similar out-of-time appeals.  See,
e.g., State v. Gobert, 275 S.W.3d
888, 891 (Tex. Crim. App. 2009) (“The court of appeals is not required to
entertain a new argument from an appellant . . . for the first time on
rehearing, and when it refuses to exercise its discretion to do so, it renders
no decision on that new argument that is available for discretionary review.”).  Rather, the court of criminal appeals has
held that appellate courts do not err in addressing such issues.  See
Garrett, 749 S.W.2d at 786–87.  Here,
because we are affording appellant an appeal on remand with the assistance of
counsel to remedy the fact that his previous appeal on remand was without
effective assistance of counsel, we address the additional, preserved issues
counsel raised in the interest of justice.





[7]Moreover,
in both instances, K.M. responded affirmatively to the prosecutor’s use of the
terms “genitals” or “genital.”