**AFFIRM; and Opinion Filed May 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-01648-CR**

**CIRO CUEVAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-11-57751**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

Appellant Ciro Cuevas pleaded not guilty to aggravated sexual contact with a child under 14 years of age. A jury found him guilty and assessed punishment at fifty years' imprisonment. In two issues, appellant argues that the trial court abused its discretion when it excluded evidence and that there is insufficient evidence to support the trial court's assessment of court costs. In a cross-point, the State argues that this Court should order the trial court to impose, and to reform the judgment to reflect, statutorily-mandated fees. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm.

# EXCLUSION OF EVIDENCE

## Background

Appellant argues that the trial court erred in excluding evidence of the complainant's prior sexual conduct without an in camera hearing as required by rule of evidence 412. *See* TEX. R. EVID. 412(c).

Prior to trial, the State filed a motion in limine asking the trial court to instruct appellant, appellant's counsel, and any witnesses not to refer or allude to, "in the presence of the jury, any reputation or opinion of the prior or subsequent behavior of the complainant or any specific instances of the complainant's prior or subsequent sexual behavior," until the jury was excused and a hearing was held outside the presence of the jury "pursuant to the procedure set forth in Rule 412, to determine the relevance and admissibility of such evidence under the provisions of Rule 412." *See* TEX. R. EVID. 412 (concerning admissibility of evidence of previous sexual conduct of alleged victim in criminal cases).

During defense counsel's cross-examination of the complainant in the presence of the jury, defense counsel asked, "Isn't it true you've also made allegations that a man named Fabian abused you?" The prosecutor objected and asked to approach the bench. After an off-the-record discussion, the judge excused the jurors for a break. Then the following exchange occurred outside of the presence of the jury:

> THE COURT: State's filed . . . did you receive a copy of the 412 motion?
>
> [DEFENSE COUNSEL]: Yes, I did, Your Honor.
>
> THE COURT: Okay. The State filed it and never requested the Court to rule on it. And at this point, I'm going to grant the 412 motion and rule getting into prior sexual acts of the complainant or any kind of sexual history, you need to approach the side of the bench.
>
> I know that some things have already come out regarding another uncle; is that correct?

[PROSECUTOR]:  Yes, Your Honor.

THE COURT:  And the fact he's been convicted of sexual assault.  I guess that the State's intention was to let that in?

[PROSECUTOR]:  Yes, Your Honor.  At this time I do want the opportunity to have the victim explain that since it's already out.

THE COURT:  Okay.  Before we bring her back in, though, any other issues that we need to take up?  Because I just want to make sure when you're cross-examining—it's for my purposes as well so I can keep up with my rulings and know how to rule accordingly, if something comes up, on the interviews. There's been so many different folks.

[DEFENSE COUNSEL]:  Right.

THE COURT:  And I'm sure if I'm a little confused, I want the jury to understand as well.  If you can, when you ask questions about these different interviews, please state the month and the year and who the interview is with and who is this person, is this person from Child Protective Services, a school counselor, is this person from DCAC.

[DEFENSE COUNSEL]: Okay.

THE COURT:  And just for my purposes, because if I'm confused, so if anything comes up like this, I'm able to rule on it.

[DEFENSE COUNSEL]: Okay.

THE COURT:  Okay.  And I'm asking both sides to do that.  Okay?

[PROSECUTOR]:  Yes, Your Honor.

THE COURT:  So anything else that we need to take up?

[DEFENSE COUNSEL]:  And then as far as the questioning that was brought up about the other act, I don't believe she actually answered the question.

[PROSECUTOR]:  I would like—

THE COURT:  Can you go back to that question?

COURT REPORTER:  Yes.

(Whereupon, requested testimony was read back by the Court Reporter.)

[PROSECUTOR]:  I'll ask the Court to ask the jury to disregard—

–3–

THE COURT: Okay. What is your legal objection? Let me have her do this real quick. I'm asking her to read back and I keep talking.

(Whereupon, requested testimony was read back by the Court Reporter.)

THE COURT: Don't get into any other allegations. I mean, the only time it even becomes admissible—I'm going to have the jury disregard the last question.

[DEFENSE COUNSEL]: Okay.

THE COURT: Don't get into any other people.

[DEFENSE COUNSEL]: Alright.

THE COURT: Unless you want to approach the side of the bench. It's not admissible.

[DEFENSE COUNSEL]: Okay.

THE COURT: Okay?

[PROSECUTOR]: Thank you, Your Honor.

THE COURT: If you want to get the witness [to] come back out and you can ask her.

[DEFENSE COUNSEL]: Thank you.

The court then asked the prosecutor why he wanted to discuss the complainant's prior allegation of sexual assault concerning an uncle named Gilbert. The prosecutor replied that the circumstances reflected that "she wasn't trying to get anyone into trouble" and that "it substantiates that she wasn't lying about what happened." The judge ruled that she would let the defense "delve further" into the allegations against Uncle Gilbert since the State "opened the door." Then, outside of the presence of the jury, the prosecutor asked the complainant about her allegations of sexual assault involving Uncle Gilbert. The court and defense counsel then stated:

THE COURT: Okay. Well, I'm going to allow them to get into that.

Anything else?

[DEFENSE COUNSEL]: No, Your Honor.

–4–

THE COURT: Okay.

## Standard of Review and Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). As long as the trial court's ruling is "within the zone of reasonable disagreement," we will not disturb the ruling. *Id.* (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

Rule of evidence 412(b) provides that, in a prosecution for aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is not admissible unless (1) the evidence is admitted in accordance with paragraphs 412(c) and (d), (2) the evidence qualifies under one of the limited exceptions listed in rule 412(b)(2), and (3) its probative value outweighs the danger of unfair prejudice. TEX. R. EVID. 412(b). Rule of evidence 412(c) sets forth the procedure for offering evidence of past sexual behavior:

> **Procedure for Offering Evidence.** If the defendant proposes to introduce any documentary evidence or to ask any question, either by direct examination or cross-examination of any witness, concerning specific instances of the alleged victim's past sexual behavior, the defendant must inform the court out of the hearing of the jury prior to introducing any such evidence or asking any such question. After this notice, the court shall conduct an in camera hearing, recorded by the court reporter, to determine whether the proposed evidence is admissible under paragraph (b) of this rule. The court shall determine what evidence is admissible and shall accordingly limit the questioning. The defendant shall not go outside these limits or refer to any evidence ruled inadmissible in camera without prior approval of the court without the presence of the jury.

TEX. R. EVID. 412(c).

## Arguments of the Parties

Appellant argues that "the trial court failed to conduct a hearing when Appellant introduced evidence that the complaining witness had made allegations that another man [Fabian] molested her." Appellant contends that, because rule 412 does not categorically require the court to exclude all evidence of a complainant's past sexual behavior, "the trial court must

consider the evidence during an in camera hearing before making a ruling." Appellant states that, after defense counsel "brought this evidence to the court's attention when he asked the complaining witness about prior allegations against Fabian," the court "should have conducted" a hearing concerning the evidence. Appellant argues that asking the question regarding Fabian in front of the jury was not improper because appellant asked the question prior to the trial court's ruling on the State's motion in limine. And he argues that the "question sufficiently notified the trial court of the evidence of the alleged victim's past accusations against Fabian for purposes of Rule 412." Appellant contends that, as a result, the court abused its discretion in ruling that the evidence concerning Fabian was inadmissible without conducting a hearing to gain information concerning the allegation against Fabian in order to make an informed decision concerning its admissibility. Appellant also contends that, during the hearing that took place, the court should have focused on the accusation against Fabian instead of Uncle Gilbert because the State objected to the evidence concerning Fabian.

The State argues that the trial court did not abuse its discretion by excluding evidence and ordering the jury to disregard appellant's question to the complainant about an extraneous sexual matter concerning Fabian. The State contends that appellant never requested a hearing under rule 412. The State also says that the court granted the State's motion in limine under rule 412 to have a hearing outside the presence of the jury when appellant's counsel asked a question in front of the jury concerning a sexual matter involving Fabian. The State argues that, during the hearing, appellant had the opportunity to but did not ask the complainant questions about Fabian.

**Analysis**

We agree with the State that the trial court did not abuse its discretion by excluding evidence concerning the complainant's claimed past sexual history involving Fabian. Rule 412(c) states that, if the defendant intends to ask a witness questions concerning specific

instances of the alleged victim's past sexual behavior, the defendant "must inform the court out of the hearing of the jury prior to introducing any such evidence or asking any such question." *Id.* Rule 412(c) also specifies that "[a]fter this notice, the court shall conduct an in camera hearing." *Id.* Appellant argues that the question that he posed to the complainant concerning Fabian in front of the jury "sufficiently notified the trial court of the evidence of the alleged victim's past accusations against Fabian for purposes of Rule 412." But appellant did not "inform the court" out of the jury's hearing "prior to" asking the question. As a result, because appellant did not provide "this notice" to the court, appellant did not meet the threshold requirements of rule 412(c) for the court to conduct an in camera hearing. *See id.*; *Marx v. State*, 953 S.W.2d 321, 337 (Tex. App.—Austin 1997), *aff'd*, 987 S.W.2d 577 (Tex. Crim. App. 1999) (concluding appellant did not meet "procedural requirement" of rule 412 for introducing evidence of previous sexual conduct because appellant did not inform the court of his intention to inquire about a previous sexual incident prior to asking witness about it and instead asked about incident in front of jury); *Golden v. State*, 762 S.W.2d 630, 632 (Tex. App.—Texarkana 1988, pet. ref'd) (stating rule 412 "explicitly predicates" admissibility of evidence "upon the defendant previously informing the court, outside the presence of the jury, of his intention to introduce any evidence or propound any question concerning a victim's past sexual behavior" and concluding defendant "failed to meet this threshold requirement"). We resolve appellant's first issue against him.

## COURT COSTS

In his second issue, appellant argues that the evidence is insufficient to support the trial court's order for appellant to pay $448 in court costs because the clerk's record does not contain a bill of costs. The record before us, however, does contain the bill of costs. And this Court has previously addressed and rejected the same argument appellant raises. *See Johnson v. State*, 423

S.W.3d 385, 391–96 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd).

In addition, the State argues that "the judgment should show $473" of court costs instead of $448 of court costs. The State contends that evidence is sufficient to support the higher amount of court costs because "Texas statutes and the existing record show where the total cost of $473 came from" and these fees are statutorily mandated or authorized.[1] The State contends that appellant has failed to show that these were not mandated or authorized fees and, if appellant would like to challenge the fees, he has a statutory remedy under code of criminal procedure article 103.008.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 103.008 (West. 2006) (correction of costs).

In a cross-point, the State argues that, because the trial court undercharged or did not charge for an additional $21 in mandated court costs, this Court should order the trial court to impose and for the clerk to certify total costs for mandated fees of $494. The State also requests that this Court order the trial court to correct the judgment and related documents to show $494 in court costs.

This Court has the authority to modify a judgment when we have the necessary information in the record to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The record does not indicate whether appellant has paid his court costs. As a result, we cannot modify the judgment to add additional costs and we cannot order the trial court to

---

[1] The primary, albeit unpublished, case that the State relies upon supports "the trial court's assessment of court costs in the amount of" $448. *Nelson v. State*, No. 01-11-01054-CR, 2013 WL 1858921, at *6 (Tex. App.—Houston [1st Dist.] May 2, 2013, pet. ref'd) (mem. op., not designated for publication).

[2] The State also argues that appellant has a court-provided remedy under *In re Daniel*, 396 S.W.3d 545, 549–50 (Tex. Crim. App. 2013), in which the court of criminal appeals conditionally granted mandamus relief to a defendant and ordered the district clerk to delete the delayed assessment of costs for attorney's fees from a bill of costs. *Daniel* is distinguishable because it involved a bill of costs that issued more than nine years after judgment of conviction. *Id.* at 549.

impose additional costs.  *See* TEX. CODE CRIM. PROC. ANN. art. 103.007 (West 2006) ("After a defendant has paid costs, no more costs may be charged against the defendant unless the court rules on a motion presented to the court that additional costs are due."); *see also Houston v. State*, 410 S.W.3d 475, 480 n.6 (Tex. App.—Fort Worth 2013, no pet.).  We reject the State's argument and cross-point.

We overrule appellant's second issue and the State's cross-point.

**CONCLUSION**

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)

121648F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CIRO CUEVAS, Appellant

No. 05-12-01648-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-11-57751.
Opinion delivered by Justice Lang-Miers, Justices Myers and Lewis participating.


Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 5th day of May, 2014.


/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE